[S. F. No. 520.    Department Two.—July 16, 1897.]

EDWIN TOMLINSON, Respondent, *v.* WILLIAM AYRES et al., Appellants.

Appeal—Presumption—Waiver of Findings.—Where there are no findings of fact or conclusions of law, except such as appear in the judgment, it must be presumed upon appeal from the judgment that findings were waived, where the record does not show the contrary.

Id.—Review upon Appeal from Judgment—Absence of Evidence—Proof of Cross-action not Determinable. — Where an appeal is taken on the judgment, only matters shown by the judgment-roll can be considered; and where there is no bill of exceptions, or statement of the evidence, there can be no consideration of the sufficiency of the evidence to justify the decision, nor can it be determined whether the defendant established a cross-action by proof or not.

Id.—Foreclosure of Chattel Mortgages—Pleading—Nonpayment of Notes.—In an action to foreclose two chattel mortgages given to secure payment of the principal and interest of two several promissory notes executed by the same defendants, where the complaint showed on its face that the notes were part due, and alleged "that no proceedings have been had at law or otherwise for the recovery of said sum and interest, or any part thereof, and that the same is wholly owing and unpaid," such complaint sufficiently avers nonpayment of the notes secured by the mortgages.

Id.—Mortgage of Printing-office Plant and Building—Validity of Lien upon Building—Transfer Pendente Lite—Knowledge of Lien—Rights of Purchaser.—Where the chattel mortgages foreclosed purported to mortgage a printing-office plant used in conducting a newspaper, and also the building in which the newspaper was printed and published, and it appears that, after the commencement of the action of foreclosure, the mortgagors transferred the building to a publishing company which took with knowledge of plaintiff's lien, the rights of such company as purchaser are subject to such lien, and it took no title that can defeat plaintiff's mortgage upon the building, though the building is not included in the list of personal property made by the statutes the subject of chattel mortgages.

Appeal from a judgment of the Superior Court of Humboldt County. E. W. Wilson, Judge.

The facts are stated in the opinion.

*Henry L. Ford,* and *James F. Coonan,* for Appellants.

*E. P. Campbell,* for Respondent.

Chipman, C.—Action to foreclose two chattel mortgages given to secure payment of certain two promis-

sory notes executed by defendants, William and W. S. Ayres. Both notes were made payable October 24, 1894. The mortgaged property consisted of a printing-office plant used in conducting the newspaper called the *Western Watchman,* situated in a certain building in the city of Eureka, Humboldt County, "located on the west side of ' G' street, in said city, . . . . together with all the right, title, and interest of the said mortgagors of, in, and to the building in which said newspaper is now printed and published, and being on the west side of 'G' street in said city . . . (same location as the said plant)."

The Western Watchman Publishing Company was alleged to claim some interest in a portion of the property, and was made a defendant. The complaint is verified. The defendants William and W. S. Ayres demurred to the complaint on various grounds, but withdrew the demurrer and answered, admitting the execution of the notes and mortgage as alleged, but denied " that the whole of said sum and interest is wholly owing and unpaid from defendants," as alleged in the complaint. These defendants also filed a cross-complaint, in which they set out that they executed and delivered to plaintiff the notes and mortgages declared upon in the complaint, and that thereafter and before the commencement of the action, plaintiff became indebted to them for subscription to the "*Western Watchman.*" The defendant, the Western Watchman Publishing Company, answered, denying that the sums claimed to be due on the notes, or any sums, were unpaid. It set up as a separate defense that, about September 24, 1894, the defendants, William and W. S. Ayres, agreed to sell to it the mortgaged property, and, on January 6, 1896, the said agreement was finally consummated " by proper bill of sale in writing signed and executed by them"; that the sale was in good faith and with notice to plaintiff, and that this defendant is the lawful owner and possessor of the property, and its title is superior to plaintiff.

The court gave judgment of foreclosure for plaintiff.

There are no findings of fact or conclusions of law except as they appear in the decree. Whether findings of fact were waived does not appear, and they must be presumed to have been waived. (*Mulcahy* v. *Glazier*, 51 Cal. 626.) The decree recites that the cause came on regularly to be heard, and that the parties were represented by counsel. Upon the issues joined, the court found the amount due and owing the plaintiff from defendants William and W. S. Ayres to be one thousand eighty-eight dollars and fifty-five cents, and that it is secured by the chattel mortgages set out in the complaint and described in the decree, and that they are " in all respects a valid and a first and best lien upon all the said property for the payment of the said sum," and said William and W. S. Ayres are personally liable for the whole of said sum; that the conditions of the mortgages have been broken, and plaintiff is entitled to have them foreclosed, and the mortgaged property sold and the proceeds applied to the payment of said sum of money with costs and attorney's fees; that each and all the averments of the complaint are true.

The court found that, on January 6, 1896, after the commencement of this suit, the Ayres, defendants, sold and transferred all the property mentioned in the complaint to the Western Watchman Publishing Company, and it is the owner of the same, subject to plaintiff's lien, and entitled to any surplus above plaintiff's claim after sale is made. That said company took the property with full knowledge and notice of plaintiff's lien, and subject thereto. A sale of the property was accordingly ordered. The appeal is from the judgment on the judgment-roll.

Appellants contend that the complaint does not state facts sufficient to constitute a cause of action, and they rely upon the alleged failure of plaintiff to allege nonpayment of the notes. The allegation is, "That no proceedings have been had at law or otherwise for the recovery of said sum and interest, or any part thereof,

and that the same is wholly owing and unpaid." Numerous cases are cited by respondent.

In *Frisch* v. *Caler*, 21 Cal. 71, the allegation was "there is now due," etc., and it was held to be a mere conclusion of law, and not good against a demurrer, but was held sufficient for the appeal.

In *Roberts* v. *Treadwell*, 50 Cal. 520, the allegation was, "the whole thereof is now due." Held not an allegation of nonpayment.

In *Barney* v. *Vigoreaux*, 92 Cal. 631, there was no allegation that no part of the sum for which said note was given, except the sums indorsed upon it, has been paid.

Default judgment was rendered. This court reversed the judgment.

In *Scroufe* v. *Clay*, 71 Cal. 123, the averment was, "has refused and still refuses to pay," and that "there is now due" the sum, etc.; held not an allegation of nonpayment.

In *Davanay* v. *Eggenhoff*, 43 Cal. 395, the allegation was, "that there is now due from defendant to plaintiff on the aforesaid note," etc.; held not an allegation that it is due and unpaid.

The word "due" is equivalent to "owing" or "owed." (Anderson's Law Dictionary.) The prefix "un" is placed before past passive participles to indicate the absence of the condition or state expressed by the participle. (Webster's Dictionary.) The allegation, then, is that the notes were due and were unpaid, and they showed on their face they were due. An unpaid note is one not paid. To say that a note is unpaid is equivalent to saying that the note has not been paid, and I can see no practical difference in the meaning of an allegation that a note is "still wholly owing and unpaid" and an allegation that a note is "still wholly due and has not been paid." None of the cases cited hold, and I have found none holding, that where nonpayment must be alleged, the requirement is not fully met by an allegation that the indebtedness is due and unpaid.

2. A large portion of the brief of defendants is devoted to the cross-complaint set up in behalf of the defendant, the Western Watchman Publishing Company. It is contended that the judgment is erroneous, because it grants a foreclosure of real property; that the chattel mortgage was never recorded in any record of mortgages of real property; that the building included in the mortgage was real property, and defendant was not bound by the record of the mortgage in the record of personal property mortgages; that the building was not subject of a chattel mortgage, and was void; that the defendants, the Ayres, had possession of the building and could deal with it as they wished, and could transfer it to a *bona fide* purchaser; that it was sold and transferred to defendant company, and the court so found.

The court found that the transfer to defendant company was after the commencement of this action, and that said company took the property with full notice and knowledge of plaintiff's lien, and subject thereto, and that the defendant company is entitled to any surplus after sale over and above plaintiff's claim.

The appeal is on the judgment-roll alone: there is no bill of exceptions and no statement, and none of the evidence taken at the trial is before us. There is nothing to enable us to pass upon the sufficiency of the evidence to justify the findings and the judgment.

It is thoroughly well settled that on an appeal from the judgment, only matters shown by the judgment-roll can be considered. (Hayne on New Trial and Appeal, sec. 229, and cases there cited.) We are in no position to say whether defendants established their cross-action or not. As to the building included in the mortgage, which is the real and only bone of contention, defendant company purchased with notice of plaintiff's lien, as the findings show, and, although it is not included in the list of personal property made by the statute the subject of chattel mortgage, the defendant company got

no title that will defeat plaintiff's mortgage. (*Bank of Ukiah* v. *Gibson*, 109 Cal. 197.)

I find no merit in the appeal, and it is recommended that the judgment be affirmed.

Belcher, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Temple, J., Henshaw, J.