## ANDERSON v. SOUTHERN PACIFIC RAILROAD COMPANY.

### L. A. No. 866; July 25, 1901.

#### 65 Pac. 950.

**Public Lands.**—In an Action to Recover Purchase Money paid on contracts for the sale of lands claimed by defendant under grants from the United States, which contracts provided that the money was to be returned in case "it shall finally be determined" that pat-

ents shall not issue to the defendant, a finding that neither the supreme court of the United States nor any court had determined that patents should not issue to the defendants for the land in question was a finding of fact, and not a conclusion of law, the complaint alleging that a contrary finding had been made by the United States supreme court, which allegation was denied.

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

Action by C. V. Anderson against the Southern Pacific Railroad Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Anderson & Anderson for appellant; Wm. Singer, Jr., and H. V. Reardan for respondent.

VAN DYKE, J.—This action is brought to recover purchase money paid on several contracts given by the defendant to two certain parties, and by them assigned to plaintiff, for the sale of lands claimed by defendant under grants from the United States. Among other things, each of said contracts contains the following clause, to wit: "It is further agreed between the parties hereto that the party of the first part claims all the tracts hereinbefore described as part of a grant of lands to it by the Congress of the United States; that patent has not yet issued to it for said tracts; that it will use ordinary diligence to procure patents for them; that as, in consequence of circumstances beyond its control, it sometimes fails to obtain patent for lands that seem to be a portion of its said grant, therefore, nothing in this instrument shall be considered a guaranty or assurance that patent or title will be procured; that in case it be finally determined that patent shall not issue to said party of the first part for all or any of the tracts herein described, it will, upon demand, repay, without interest, to the party of the second part, all moneys that may have been paid to it by him on account of any such tracts as it shall fail to procure patent for." The court found "that it has not been finally determined by the supreme court of the United States, or by any court or tribunal, that patents should not issue to the defendant for the lands described in each of the several counts of the plaintiff's complaint herein, or for any part or parcel

thereof." Appellant contends this is not a finding of facts, but a conclusion of law. In this he is clearly mistaken. It is alleged in the complaint "that it has been finally determined by the supreme court of the United States that patents for said tracts of land shall not issue to the defendant company," and without such an averment in the complaint it would have failed to state a cause of action. The answer denies specifically this allegation of the complaint, thus presenting an issue of fact, and a vital one at that. Under this state of the pleadings, the burden was upon the plaintiff to establish by evidence, documentary or otherwise, the affirmative of that issue, and the court by its findings says he did not do so. On an appeal like this from the judgment, upon the judgment-roll alone, without a bill of exceptions or statement, this court can only examine the findings upon which the judgment is based; "all between that and the pleadings drop out of the case": Harper v. Minor, 27 Cal. 109. This rule is thoroughly well settled: Tomlinson v. Ayres, 117 Cal. 568, 49 Pac. 717; Hayne on New Trials, sec. 229, and cases there cited. In the absence of the evidence, the opinions of courts cited by appellant's counsel are of no avail, for it cannot be said that the facts proved here are identical with the facts proved in such cited cases. Judgment affirmed.

We concur: Garoutte, J.; Harrison, J.

## In Bank; January 30. 1902.

### 67 Pac. 1124.

PER CURIAM.—This is an action by the vendee to recover money upon a contract similar in all respects to the contract involved and considered in the case of Wilson v. Southern Pac. R. R. Co., 135 Cal. 421, 67 Pac. 688. Judgment went for defendant and plaintiff appeals. All the questions raised upon this appeal have been considered in the case of Wilson v. Railroad Co., supra, this day decided; and upon the authority of that case the judgment here appealed from is affirmed.