[S. F. No. 2341.  Department One.—October 29, 1902.]

## HENRY HORWEGE, Respondent, v. LEWIS H. SAGE et al., Appellants.

ACTION UPON NOTE—EQUITABLE DEFENSE—CROSS-COMPLAINT—VERDICT OF JURY—BILL OF EXCEPTIONS.—In an action upon a note, defendants who plead an equitable defense to the note and seek its cancellation by cross-complaint have the right to demand that the equitable defense and cross-complaint should first be tried and passed upon by the court before submitting the legal issues to the verdict of a jury; but if the court commits error in that regard, it must be affirmatively shown by bill of exceptions.

ID.—APPEAL UPON JUDGMENT-ROLL—PRESUMPTIONS AGAINST ERROR—TRIAL BY CONSENT—WAIVER OF FINDINGS.—Where the defendants in such action appeal from a judgment rendered for the plaintiff upon the verdict of a jury in his favor, upon the judgment-roll alone, in the absence of evidence, or findings, or bill of exceptions, error cannot be presumed upon the appeal; and it will be presumed in support of the judgment that all of the issues were submitted to the jury by the consent of the appellants, and were passed upon by the jury, that no evidence was adduced in support of the cross-complaint, and that the appellants waived findings by the trial court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion.

Campbell & Metson, J. C. Campbell, W. H. Metson, and Henry E. Highton, for Appellants.

Rosenthal & Wise, for Respondent.

CHIPMAN, C.—Action on promissory note executed by defendant Sage to plaintiff on June 26, 1899, due thirty days after date, payment of which is alleged to have been guaranteed by defendants Cote and King, by indorsement on the note, waiving demand of payment, notice of non-payment, and protest. The cause was tried by a jury and the verdict went for plaintiff for an amount fixed by the jury. Judgment was accordingly entered.

Defendants set up in their answer, and by way of cross-complaint, what is claimed to be an equitable defense, and also asking affirmative, equitable relief, raising issues, as is claimed, on which the court made no findings, and which, it is said, have not been adjudicated and determined. The appeal is by defendants on the judgment-roll alone, which contains only the pleadings, verdict of the jury, and judgment on the verdict. The action was brought by the payee, and, of course, after maturity of the note. It was alleged in the answer and cross-complaint that the note was obtained by fraudulent and false representations, on the truth of which defendants relied, particular facts constituting the alleged misrepresentations being set forth; and it was alleged that, on discovery of the alleged fraud, defendant Sage, maker of the note, gave notice of rescission. Defendants' prayer was, that it be adjudged that the note be surrendered and canceled upon the maker concurrently restoring to plaintiff the consideration, which was a half-interest in a certain liquor business which Sage had purchased from plaintiff.

Appellants contend that the judgment-roll conclusively shows that there has been neither trial nor waiver of trial of the equitable issues presented by the cross-complaint, for the reason that the verdict was a judgment at law and the equitable issues were ignored; that these issues should have

been first tried and disposed of; that if sustained it would have rendered unnecessary any trial at law on the issues presented by the complaint; and to show that this is the proper and orderly course of procedure, appellants cite *Swasey* v. *Adair,* 88 Cal. 179, (where previous decisions on the point are cited and considered,) and some other cases.

The procedure pointed out in *Swasey* v. *Adair* and other cases on which appellants rely may be conceded to be the proper procedure. If defendants at the trial had asked to have the court first try the equitable defense set up and the court had refused to do so, but had submitted the issues thus raised to the jury, and had refused defendants' request to make findings on such issues, and these matters had come up on bill of exceptions, thus informing this court of the proceedings claimed to be erroneous, the attitude of defendants and their right to be heard on appeal would be altogether different. This court will not presume error, nor will it presume that something was done or omitted to be done which constitutes error, for error must be made affirmatively to appear. The judgment shows that the "cause came on regularly for trial" (counsel for plaintiff and defendants appearing); that "a jury of twelve persons was duly accepted, impaneled and sworn to try said cause. Witnesses on the part of the plaintiff and defendants were duly sworn and examined, and certain documentary evidence introduced. Whereupon, after hearing the evidence, the arguments of counsel, and instructions of the court, the cause was submitted to the jury." A verdict was rendered "which was accepted by the court, and entered upon the minutes as follows: [Then follow the verdict and the conclusion of the judgment]; wherefore, . . . it is ordered and decreed," etc. In support of the judgment it will be presumed that all the issues presented by the pleadings were by consent of defendants submitted to the jury, under proper instructions of the court, and were passed upon in arriving at their verdict. It will also be presumed in support of the judgment that no evidence was offered by the defendants in support of the issues tendered by their cross-complaint. (*Winslow* v. *Gohransen,* 88 Cal. 450.) If findings should have been made by the court and were not made, it will be presumed that defendants waived findings. (*Tomlinson* v. *Ayres,* 117 Cal. 570;

*Leadbetter* v. *Lake*, 118 Cal. 515.) And the fact that findings were not waived must affirmatively appear by a bill of exceptions. (*Tomlinson* v. *Ayres*, 117 Cal. 570; *Leadbetter* v. *Lake*, 118 Cal. 515.) The objections which are now being urged by appellants should have been made in the trial court; and if the court had refused to do what it is now urged it should have done, such refusal should have been made the subject of a bill of exceptions. This court would then be in a position to review the action of the trial court from a record of its proceedings.

The judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.      Van Dyke, J., Garoutte, J., Harrison, J.