[Civ. No. 2926.  First Appellate District, Division One.—June 21, 1919.]

## THOS. S. HUTTON, Respondent, v. ARTHUR A. NEW-HOUSE et al., Appellants.

[1] STREET LAW—SAN FRANCISCO—PLEADING OF ORDINANCE—HOW OBJECTION RAISED.—In an action to foreclose a lien for the improvement of a street intersection in the city and county of San Francisco under the provisions of the street improvement ordinance, the objection that such ordinance is pleaded by recital instead of directly should be made by special demurrer, and where not so made the objection must be held to have been waived.

[2] ID.—RECORD ON APPEAL—WANT OF FINDINGS—PRESUMPTION.— When the record on appeal presents a judgment without findings, the presumption is that findings were waived. This presumption the appellant must overthrow by embracing in his record on appeal, an affirmative showing by bill of exceptions, statement, or other appropriate method, that findings were not waived.

[3] ID.—ACTION TO FORECLOSE LIEN—IMPLIED FINDINGS—SUFFICIENCY OF EVIDENCE.—In this action to foreclose a lien for the improvement of a street intersection in the city and county of San Fran-

41 Cal. App.—44

cisco under the provisions of the street improvement ordinance, the evidence, which was wholly documentary, was sufficient to justify the implied findings of the trial court.

[4] ID.—SUFFICIENCY OF NOTICE OF IMPROVEMENTS.—Under the street improvement ordinance of the city and county of San Francisco, the posted notice of improvements need only state briefly the improvement proposed, and refer to the resolution of intention for further particulars.

[5] ID.—PAYMENT OF ASSESSMENTS—INSTALLMENT PRIVILEGE—ELECTION—RIGHT TO FORECLOSE LIEN.—While the street improvement ordinance of the city and county of San Francisco makes provision for the payment of assessments in installments by such property owners as elect to bring themselves and their property within the terms of this privilege by indicating such election in the manner, and by executing a bond in the form, fully set out in the ordinance, in which event the payment of the assessment is postponed according to the terms of the ordinance permitting such installment payments, and providing for such bond, property owners who do not avail themselves of the privilege of paying the assessment in installments, or execute the required bond, are subject to suit for the foreclosure of the lien upon their property at any time after such lien has become perfected and within two years after the proper recordation thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hugo D. Newhouse for Appellants.

Chas. A. Gray for Respondent.

RICHARDS, J.—This is an appeal from a judgment in the plaintiff's favor in an action to foreclose a lien for the improvement of a street intersection in the city and county of San Francisco, under the provisions of the ordinance providing for such improvements, pursuant to the terms of section 33, chapter 2, article VI of the charter of said municipality. The appellant urges several points upon appeal. [1] The first of these is that the complaint was fatally defective in the respect that the street improvement ordinance relied upon was not sufficiently pleaded. No demurrer was presented to said complaint; no objection was made to the admission in evidence of the ordinance in

question. The objection to the sufficiency of the pleading in respect to the passage and approval of said ordinance is for the first time made upon appeal. The belated objection is that the ordinance is pleaded as to its passage, approval, and existence by recital instead of directly. The objection comes too late. It should have been made by special demurrer, and not having been so made must be held to have been waived. (*City of Santa Barbara* v. *Elred,* 108 Cal. 294, [41 Pac. 410]; *Wells Fargo & Co.* v. *McCarthy,* 5 Cal. App. 312, [90 Pac. 203].)

[2] The appellant's next contention is that the judgment must be reversed, because there are no findings in the record, and because the record fails to show that findings were waived. The statement of this point embraces its own answer. When the record presents a judgment without findings the presumption in its favor is that findings were waived. This presumption the appellant must overthrow by embracing in his record on appeal, an affirmative showing by bill of exceptions, statement, or other appropriate method, that findings were not waived. (*Smith* v. *Lawrence,* 53 Cal. 34; *Campbell* v. *Coburn,* 77 Cal. 36, [18 Pac. 860]; *Richardson* v. *City of Eureka,* 110 Cal. 441, [42 Pac. 965]; *Tomlinson* v. *Ayres,* 117 Cal. 568, [49 Pac. 717]; *Baker* v. *Baker,* 139 Cal. 626, [73 Pac. 469].)

[3] The next contention of the appellant is that the implied findings necessary to support the judgment are not justified by the evidence in the case. Under this head the appellant makes several points which we do not consider it necessary to review in detail, for the reason that we think appellants' objections to the sufficiency of the evidence, which is wholly documentary, are all answered either by the terms and requirements of the ordinance providing for this improvement, or by the decision of the supreme court in the cases of *Bates* v. *Twist,* 138 Cal. 52, [70 Pac. 1023], and *Remillard* v. *Blake & Bilger Co.,* 169 Cal. 277, [Ann. Cas. 1916D, 451, 146 Pac. 634], in which the cases are reviewed and the scope, purpose, and sufficiency of resolutions of intention are fully expounded. We think that these cases furnish a sufficient answer to the appellants' several contentions in respect to the insufficiency of the evidence as justifying the implied findings of the court.

[4] The next point urged by the appellants is that the posted notice of improvement was insufficient in form, and that the same was not posted in all of the places specified in the street improvement ordinance. As to the objection that the posted notice of improvement was insufficient in form, we think that the appellants' objections to it are sufficiently met by a reference to the terms of the ordinance, which only requires that the notice of improvement shall state "briefly the improvement proposed, and refer to the said resolution of intention for further particulars." We think also that the case of *Perine* v. *Erzgraber,* 102 Cal. 234, [36 Pac. 585], furnishes a sufficient answer to the appellants' objections in this regard and to the authorities which are cited in support of said objection.

As to the other point under this head urged by the appellants with respect to the insufficiency of the places of posting, we are not directed to the specific evidence or want of evidence as to the insufficiency in this respect.

The appellants' next contention is that the demand of payment was insufficient. This point was fully considered and disposed of against the appellants' contention in the recent case of *Bienfield* v. *Van Ness,* 176 Cal. 585, [169 Pac. 225].

[5] The final contention of the appellants is that the action was prematurely brought. The authorities which the appellants cite in support of this contention in our opinion fail to sustain it, for the reason that they deal with considerations other than those which are specified in the terms of the street improvement ordinance itself. By section 19 of said ordinance, it is provided that the warrant, assessment, and diagram shall be recorded in the office of the secretary of the board of supervisors, and that "when so recorded the several amounts assessed shall be a lien upon the land, lots, or portions of lots assessed respectively for the period of two years from the date of said recording unless sooner discharged." It is true that in the street improvement ordinance provision is made for the payment of these assessments in installments by such property owners as elect to bring themselves and their property within the terms of this privilege by indicating such election in the manner, and by executing a bond in the form, fully set out in the ordinance, in which event the payment of the assess-

ment is postponed according to the terms of the ordinance permitting such installment payments, and providing for such bond.  But it is not contended that the appellants in this case availed themselves of the privilege of paying the assessment in installments, nor that they executed the required bond.  They were, therefore, subject to suit for the foreclosure of the lien upon their property at any time after such lien had become perfected and within two years after the proper recordation thereof.  This action having been begun between these dates as shown by the record, cannot be held to have been prematurely brought without doing violence to the express terms of sections 19 and 22 of the ordinance in question.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 18, 1919.

All the Justices concurred.