[Civ. No. 3987. First Appellate District, Division One.—October 21, 1921.]

## P. H. McGARRY, Appellant, v. R. W. ELLIS, as Superintendent of Streets, etc., et al., Respondents.

[1] STREET LAW—IMPROVEMENT ACT OF 1911—DISTRICT ASSESSMENT—INCLUSION OF ENTIRE CITY—EXCLUSION OF SCHOOL PROPERTY—DISCRETION OF MUNICIPAL OFFICIALS.—Under the Improvement Act of 1911, where the governing officials of a municipality have determined that a given work and improvement is of more than local or ordinary public benefit they are entitled to include the entire city described by its exterior boundaries within the exterior boundaries of the district to be assessed for such work and improvement, if in the discretion of the members of that body the scope of the improvement justifies such inclusion, and to exclude from such assessment certain designated lots and blocks devoted to school purposes; and the fact of the exemption of such designated school properties from the assessment does not in any way affect the size of the boundaries or the description of the district itself.

[2] ID. — NOTICE OF IMPROVEMENT — CONTENTS AND SUFFICIENCY OF — OMITTED PROPERTY.—Where the governing officials have thus determined that the district to be assessed shall include the entire city described by its exterior boundaries, but that there shall be excluded from the assessment certain designated lots and blocks devoted to school purposes, in the issuing and posting of the notice of the passage of the resolution of intention they are not bound to include therein the statement of such exemption nor the description of the specific properties within the exterior boundaries of the district omitted from the assessment.

[3] ID.—CONTENTS OF NOTICE — REFERENCE TO RESOLUTION OF INTENTION—DUTY OF PROPERTY OWNER TO INVESTIGATE—WAIVER OF OBJECTIONS.—The provision of the Improvement Act of 1911 to the effect that the notice of improvement is only required "to briefly

describe the work or the assessment district or both, and to refer to the resolution of intention for further particulars" makes it the duty of the property owner within the designated district to inform himself as to the full terms and effect of the resolution of intention in order to guide his action or inaction in the matter of protesting against the proposed improvement; and where the notice of improvement complies with the act, but the property owner does not so inform himself and does not make his protest as re-. quired under said act and by said notice of improvement he is concluded from thereafter urging that he was misled by the form of the notice.

APPEAL from a judgment of the Superior Court of Fresno County.   D. A. Cashin, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Everts, Ewing & Wild for Appellant.

Gallaher, Simpson & Hays for Respondents.

RICHARDS, J.—This is an action by the plaintiff herein, alleging himself to be a property owner of the city of Clovis, to restrain the defendant R. W. Ellis, as superintendent of streets of said city, and the defendant Clark & Henery Construction Company, as contractors, from proceeding with the performance of certain street work within said city under proceedings theretofore inaugurated by the officials thereof under the provisions of the Improvement Act of 1911 (Stats. 1911, p. 730), and which proceedings had progressed through the various legal stages provided for in said act up to the award of the contract to do such street work as was provided for therein to the defendant contractor and to the actual commencing of the work under such contract.

The resolution of intention to do the work in question contained the following provision:

"And whereas, said contemplated work and improvement is in the opinion of said board of trustees of more than local or ordinary public benefit, said board hereby makes the costs and expenses of said work or improvement chargeable upon a district, which district said board of trustees hereby declares to be the district benefited by said work and improvement, and to be assessed to pay the costs

and expenses thereof, which said district is and shall be the entire city of Clovis and all property lying within the exterior boundaries of said city of Clovis, and the exterior boundaries of said city of Clovis shall constitute the exterior boundaries of said district."

Following the foregoing provision in said resolution there was another clause therein reading as follows:

"And whereas, those certain lots, pieces or parcels of land particularly described as follows: All of block 26 of East Clovis and lots 1 to 16 of block 27 of East Clovis and lots 1 to 25 inclusive of block 25 of East Clovis and used in the performance of a public function, to wit, for public school purposes, and belonging to Clovis Union High School district of Fresno county, California, are included within the district aforesaid, the board of trustees hereby declares that said lots, pieces or parcels of land shall be omitted from the assessment hereafter to be made, to cover the costs and expenses of said work and improvement."

Upon the adoption of said resolution of intention, the notice of passage thereof and of the proposed making of said improvement required by the Improvement Act was duly posted on all the streets, alleys, and highways of the city of Clovis, and by its terms all persons having any objection to the making of said improvement were required to appear before the board of trustees of said city upon a designated day and show cause, if any existed, why said proposed improvement should not be made in accordance with the resolution of intention on file in the office of the city clerk, to which reference was expressly made for further particulars.

In the Improvement Act in question, in prescribing the form of said notice, it is provided that it "shall in legible characters state the fact of the passage of the resolution of intention, its date, and briefly the work or improvement proposed, and refer to the resolution of intention for further particulars."

. In connection with this section of the Improvement Act expressly declaring what the notice provided for therein should contain, section 9 of said act is also to be read, which provides in part as follows:

"All resolutions, notices, orders and determinations subsequent to resolution of intention and notice of improve-

ment, it shall be sufficient to briefly describe the work of the assessment district or both and to refer to the resolution of intention for further particulars."

The notice which was posted in pursuance of these sections of the Improvement Act conformed to their requirements in all of the above particulars, but in so doing it contained the following statement as to the district to be benefited by and assessed for the costs and expenses of said improvement, namely:

"And whereas, said contemplated work and improvement is in the opinion of said board of trustees of more than local or ordinary benefit, said board hereby makes the costs and expenses of said work or improvement chargeable upon a district, which district said board of trustees hereby declares to be the district benefited by said work and improvement, and to be assessed to pay the costs and expenses thereof, which said district is and shall be the entire city of Clovis, and all property lying within the exterior boundaries of said city of Clovis shall constitute the exterior boundaries of said district."

The plaintiff herein, while a property owner of said city of Clovis, did not appear at the time specified in said posted notice of the proposed improvement to protest against the making thereof, nor was any protest, in fact, made by anyone during the course of the proceedings leading up to and including the award of the contract for making said improvement; and the sole contention of the plaintiff in this action is that the officials of said city never acquired jurisdiction to make the improvement in question. The basis of this contention is this: that while in the resolution of intention to make the improvement it is provided that the district to be benefited by and assessed for said improvement "shall be the entire city of Clovis and all property lying within the exterior boundaries of said city of Clovis," it is also provided that certain specified lots and blocks within said city used for school purposes "shall be omitted from the assessment hereafter to be made to cover the costs and expenses of such work and improvement"; and while, as the appellant contends, these two provisions of said resolution of intention constitute the description of the district to be assessed, the notice of improvement which was posted in pursuance of said act and of said

resolution of intention entirely omitted any reference to the school properties thus exempted from the assessment, and was, therefore, according to his contention, void as not embracing a description of the district to be benefited and assessed, and as failing to notify the property owners thereof.

We find no merit in this contention. The Improvement Act of 1911, under which this proposed improvement was to be made, provides for the district plan of making such public improvements, leaving it to the discretion of the governing officials of the municipality to determine what the exterior boundaries of such district shall be. [1] The board of trustees of the city of Clovis was, therefore, entitled to include the entire city within the exterior boundaries of such district if in the discretion of the members of said board the scope of the improvement justified such inclusion (*Kane* v. *Wedell, ante,* p. 516 [202 Pac. 340], decided by this court October 13, 1921; *Minnesota Land Co.* v. *Billings,* 111 Fed. 972 [50 C. C. A. 70]). The Improvement Act of 1911 also specifically provides for an exemption of property within said district used for school purposes in the discretion of the governing body of the city proposing to make such improvement upon the district plan (Improvement Act 1911, sec. 20, subd. 8). It follows that in the inclusion of the entire city of Clovis described by its exterior boundaries within the district to be benefited and assessed for the improvement, and also in the exclusion from such assessment of the designated lots and blocks devoted to school purposes, the governing body of the city of Clovis were acting strictly within their powers; nor did the fact of the exemption of the designated school properties from assessment in any way affect the size of the boundaries or description of the district itself. [2] It was definitely bounded by the exterior boundaries of the city of Clovis. In the issuing and posting of the notice of the passage of such resolution of intention the board of trustees of said city were not bound, therefore, to include therein the statement of this exemption nor the description of the specific properties within the exterior boundaries of the district omitted from the assessment (*Perine* v. *Erzgraber,* 102 Cal. 234 [36 Pac. 585]; *Hutton* v. *Newhouse,* 41 Cal. App 690 [183 Pac. 276].)

[3]  It is, however, contended by the plaintiff and appellant herein that the omission from said notice of the fact and extent of these exemptions misled him as to the extent to which his own property would be assessed and as to the increase in his burden due to the exclusion from assessment of these exempted properties, as a result of which misleading he made no protest against the proposed improvement at the time and place provided for such protest in said notice.  It is a sufficient answer to this contention that by the terms of the improvement act above referred to the notice is only required "to briefly describe the work or the assessment district or both, and to refer to the resolution of intention for further particulars." This provision made it the duty of the property owner within the designated district to inform himself as to the full terms and effect of the resolution of intention in order to guide his action or inaction in the matter of protesting against the proposed improvement; and not having so informed himself, and not having made his protest as required under said act and by said notice, he was concluded from urging the fact that he was in any manner misled by the form of the notice; and also we think concluded from urging the point upon which he rests his sole contention in this matter (Improvement Act 1911, sec. 16; *Watkinson* v. *Vaughn,* 182 Cal. 55· [186 Pac. 753]).  The cases cited by the appellant as supporting his contention do not, in our opinion, in any way militate against the foregoing conclusions nor the authorities which support them.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.