[Civ. No. 21604. First Dist., Div. One. June 10, 1964.]

JOAN STAUFFACHER, Plaintiff and Appellant, v.
ARDEN STAUFFACHER, Defendant and Respondent.

McKittrick, Marks & Pazos and Alphonse L. Pazos for
Plaintiff and Appellant.

Edward V. Marouk for Defendant and Respondent.

BRAY, P. J.—Plaintiff appeals from that portion of the
interlocutory decree of divorce dealing with the custody of
the minor children of the parties.[1]

---

[1]On application of plaintiff this court granted a writ of supersedeas
staying the custody portion of the decree pending final decision herein.
Defendant's counsel having advised this court that defendant did not

### QUESTION PRESENTED.

Did the trial court have the power to award custody to defendant under the supervision of the probation officer for purposes of placement in a foster home, without a finding that either or both parents were unfit?

### RECORD.

Plaintiff brought this action against defendant for divorce and custody of the two minor children, Joni Maxine, born March 23, 1959, and Arden Maurice, born January 19, 1961. Defendant answered and cross-complained seeking divorce and custody of the children. The grounds alleged in both the complaint and cross-complaint were extreme cruelty. After a trial an interlocutory decree of divorce was entered granting plaintiff a divorce upon the grounds of extreme cruelty. The decree provided that the custody of the minor children "shall be granted to the defendant under the supervision of the Probation Officer of Humboldt County for the purpose of placement in a licensed foster home." Visitation rights were granted both parents "at times agreeable with the foster parents and the Probation Officer." Defendant was required to bear the cost of the care of the children in the licensed home. Defendant was not to consume any alcoholic beverages while the children were with him.

Neither in the findings of fact and conclusions of law nor in the interlocutory decree is there any finding that either of the parents is unfit.

Plaintiff's notice of appeal stated that her appeal would be based on an agreed statement. Thereafter plaintiff filed a notice to the effect that the parties could not agree on a statement and that plaintiff "elects to follow the appeal on the judgment roll rather than on any statements, settled or agreed."

### JUDGMENT ROLL APPEAL.

Before determining the merits of the appeal it is necessary to determine what is before us on a judgment roll appeal. Originally on such an appeal " '. . . any matters which might have been presented to the court below which would have authorized the judgment will be presumed to have been thus presented, if the record shows nothing to the contrary.' " (*Segerstrom* v. *Scott* (1911) 16 Cal.App. 256, 261 [116 P.

wish to file a brief but wished to submit the matter upon the record and appellant's opening brief, this cause was submitted pursuant to rule 17(b), California Rules of Court.

690].) Thus under the rules prior to the adoption of rule 52, Rules on Appeal,* this court would have been required to have presumed that any omitted findings necessary to support the judgment had been waived in the trial court. (*Hutton* v. *Newhouse* (1919) 41 Cal.App. 689, 691 [183 P. 276].)

Rule 52 as amended effective January 1, 1951, reads: "If a record on appeal does not contain all of the papers, records and oral proceedings, but is certified by the judge or the clerk, or stipulated to by the parties, in accordance with these rules, it shall be presumed in the absence of proceedings for augmentation that it includes all matters material to a determination of the points on appeal. On an appeal on the judgment roll alone, or on a partial or complete clerk's transcript, the foregoing presumption shall not apply unless the error claimed by appellant appears on the face of the record."

In *Alkus* v. *Johnson-Pacific Co.* (1947) 80 Cal.App.2d 1, 18 [181 P.2d 72], we held that rule 52 as it then read (the second sentence above set forth was not then a part of the rule) applied to judgment roll appeals and that this court could no longer presume what did not appear on the face of the judgment roll. (See *Palpar, Inc.* v. *Thayer* (1947) 82 Cal.App.2d 578, 583 [186 P.2d 748].) In *Utz* v. *Aureguy* (1952) 109 Cal.App.2d 803 [241 P.2d 693], the court considered the effect of the 1951 amendment of rule 52 (the adding of the last sentence) and stated, "Since the adoption of rule 52, Rules on Appeal, if an error appears on the face of a judgment roll or other partial transcript it is not to be presumed on appeal that the error was cured by some proceeding not appearing in the transcript ... but it is still incumbent on an appellant to present a transcript which affirmatively shows on its face that an error occurred. ..." (Pp. 806-807.)

██ Thus, on this judgment roll appeal if a finding of unfitness of the parents is necessary for the granting of child custody to strangers, the lack of such a finding is error appearing on the face of the judgment roll, which cannot be cured by any presumption. ██ It is obvious that the effect of the custody order in the case at bench was to award the custody of the minor children to strangers—licensed foster parents. In *Roche* v. *Roche* (1944) 25 Cal.2d 141 [152 P.2d 999], the divorce court had awarded "joint

*Now California Rules of Court, rule 52.

control" of the minor child of the parties to both parents but ordered "that the physical care and control" (p. 142) "be awarded to the paternal grandparents." The Supreme Court held: "It is of no significance that the court awarded the bare legal 'control' of the child to both parents. The essential thing in which a parent is interested is the physical control and care of the child, which here was awarded to the paternal grandparents. The policy above declared may not be thwarted by the artifice of giving a fit parent bare legal control while denying actual physical care and custody." (P. 144.)

This brings us to the question of the necessity for a finding of unfitness.

### Failure To Find Unfitness Fatal To Depriving Parents Of Custody Of Their Children.

In *Roche, supra,* the court stated at page 144: " 'The right of a parent to the care and custody of a child cannot be taken away merely because the court may believe that some third person can give the child better care and greater protection. One of the natural rights incident to parenthood, a right supported by law and sound public policy, is the right to the care and custody of a minor child, and this right can only be forfeited by a parent upon proof that the parent is unfit to have such care and custody.' "

Section 138, Civil Code, provides for the awarding of minor children's custody in divorce actions and states: ". . . In awarding the custody the court is to be guided by the following considerations: (1) By what appears to be for the best interests of the child and if the child is of a sufficient age to form an intelligent preference, the court may consider that preference in determining the question; (2) As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, custody should be given to the mother; if the child is of an age to require education and preparation for labor or business, then custody should be given to the father." In *Roche, supra,* at page 143, the court stated: ". . . the natural right of a parent to the care of a minor child, if a fit and proper person, shall prevail as against an entire stranger, the law presuming, in the absence of either evidence or findings showing the contrary, that either parent is a proper person to whom the minor's care should be awarded; and in a contest between the mother and father of a minor for custody, the court is not justified in awarding the custo-

dy to the parents of the father, although the latter consents, without a finding that the mother is an unfit person for the custody." The court also referred to *Newby* v. *Newby* (1921) 55 Cal.App. 114 [202 P. 891], "in which no finding was made as to the fitness of either parent, but the trial court found that the best interests of the child required that custody be awarded to a stranger and made an order in accordance therewith. Such order was reversed on appeal upon the theory that if either of the parents is a fit and proper person to have the custody of a child, a stranger may not usurp that right. That principle was enunciated in the *Stever* case [6 Cal.2d 166 (56 P.2d 1229)] at page 170, where this court said: 'But before the court can deprive the mother of her right to the minor's custody and give her into the charge of strangers, there must be a finding that the mother is an unfit person to have the custody of her child.' "

In its conclusions of law the court below found "that the welfare of the minor children, the issue of the marriage, will be best served by granting custody of said minors to the husband under the supervision of the Probation Officer of Humboldt County for the purpose of providing a proper licensed home." In *Shea* v. *Shea* (1950) 100 Cal.App.2d 60 [223 P.2d 32], this court was dealing with an order finding that the best interests of the minor children required that the custody of the children be given to the father but their actual care and control awarded to the grandparents. We there held, in effect, that such a finding did not constitute a finding of the unfitness of either parent. We then reviewed the authorities in this state dealing with the custody of minors and pointed out that "It is clear that as the law now stands, the court had no power, without finding both parents unfit, to make an order which, in effect, gave the custody to the grandparents." (P. 67.) There has been no change in this rule. (See *Guardianship of Casad* (1951) 106 Cal.App.2d 134, 151 [234 P.2d 647], and *Guardianship of Minnicar* (1956) 141 Cal.App.2d 703, 707 [297 P.2d 105].)

In *Wilkinson* v. *Wilkinson* (1951) 105 Cal.App.2d 392 [233 P.2d 639], the court awarded the minors to the father with the "recommendation that their present status be not disturbed in accordance with the findings of the Probation Officer." (P. 396.) This meant that the children be left in the care and control of the grandparents. Concerning this situation the court said: "While, generally speaking, the best interests of a child in a controversy over its custody is matter

for determination by a trial court, and its determination will not be overruled if fairly considered and supported by competent evidence, the fact remains that, as between a mother and the grandparents of a child, the rights of the mother are paramount; and the grandparents should not be permitted to retain custody where there is no showing that a mother, seeking the custody of her two small girls, is not *presently* a fit and proper person to have their custody." (P. 400.)

In our case, not only is there no finding that the mother is unfit, but also there is no finding that the father is unfit.[2]

The portion of the interlocutory decree of divorce appealed from is reversed.

Sullivan, J., and Molinari, J., concurred.

---

[2]In making our decision we are not unmindful of the fact that accompanying the judgment roll there was filed in this court the judge's memorandum of opinion and the "Probation Officer's Custody Investigation Report." The latter was before the court prior to the making of the decree appealed from. These, of course, are no part of the judgment roll. We, however, note that the probation officer recommended that the custody of the children be awarded to plaintiff. The judge's opinion, while it refers to certain objectionable conduct of plaintiff in the past, and of certain conduct of defendant in the present, does not discuss whether such conduct has in any way affected the care of the children nor whether the parents are unfit. As said in *Wilkinson* v. *Wilkinson*, *supra*, 105 Cal.App.2d at page 398, concerning the mother there, "It is her present fitness and not her past conduct which should be determinative of present rights." (See also *Prouty* v. *Prouty* (1940) 16 Cal.2d 190, 194 [105 P.2d 295].)