Filed 10/20/15  Marriage of Spath CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of PATRICIA DORIS and BRIAN FREDERICK SPATH. | D066279 |
| PATRICIA DORIS SPATH, | |
| Respondent, | (Super. Ct. No. ED74039) |
| v. | |
| BRIAN FREDERICK SPATH, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Steven E. Stone, Judge.  Affirmed as modified.

Brian Frederick Spath, in pro. per., for Appellant.

Roy Estolano for Respondent.

In this marital dissolution case, the record establishes that after the parties separated, appellant appropriated $29,140 in community assets for his own use.

Accordingly, he was required to reimburse respondent approximately $14,570. However, the trial court's order has the effect of requiring that appellant reimburse respondent the entire $29,140. Accordingly, we must modify the trial court's order so that it requires reimbursement to respondent of $14,570. The trial court's order is otherwise proper and thus, as modified, we affirm it.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant Brian Spath (Brian) has elected to proceed on appeal with a record that is limited to: 1) the trial court's findings and orders requiring the reimbursement he challenges; 2) a document he offered at the hearing on the reimbursement issue; 3) his notice of appeal, a designation of record and an amended designation of record. Brian elected not to provide us with a transcript of the trial court's oral proceedings.

The trial court's order, entered following the reimbursement hearing, indicates that, under the terms of a prior judgment of dissolution, the parties were ordered to sell the family home and divide the proceeds evenly, subject to the requirement that, from the proceeds, Brian make an equalization payment of $25,000 to respondent Patricia Spath. The trial court's order further states the sale of the home produced $281,130.16 in net proceeds, which was being held in escrow.

Brian did not and does not dispute the required $25,000 equalization payment, which was required both by the earlier judgment and the order he now challenges. However, the apparent subject of dispute, both in the trial court and on appeal, is the trial court's treatment of Brian's use of a home equity line of credit (HELOC).

2

After the parties separated, they obtained the HELOC, which was apparently secured by the family home.  The trial court found that Brian borrowed $29,140 from the HELOC, without Patricia's consent.  In light of that finding, the trial court ordered that in addition to the $25,000 equalization payment, Brian was required to pay Patricia, from the net proceeds of the sale, $29,140.

Brian filed a timely notice of appeal.

## DISCUSSION

### I

Where, as here, we have no record of the oral proceedings before the trial court, and appellant has thereby elected to proceed on the judgment roll, our review is limited. On such appeals, we " 'must conclusively presume that the evidence is ample to sustain the [trial court's] findings.' " (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)  "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*.  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error.  [Citation.]  The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence.  [Citations.]" (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)  Thus, we must presume that all of the trial court's factual findings were supported by sufficient evidence and that all of its subsidiary rulings were within its discretion, or that any objection to them was waived by

3

appellant. Nonetheless, where error appears on the face of the judgment roll presented, we may correct it. (*Stauffacher v. Stauffacher* (19) 227 Cal.App.2d 735, 737.)

## II

Here, error does appear on the face of the trial court's order. Although the earlier judgment to which the trial court referred is not in the record on this appeal, neither party disputes that, as stated by the trial court, the earlier judgment requires that the proceeds of the sale of the family home be evenly divided. The only inference permissible from the required even distribution is that, as is the case in many dissolution cases, the family home was community property. Importantly, there is nothing in the record that suggests or would support an inference that the proceeds of the sale were Patricia's separate property or that for some other reason the proceeds of the sale were to be treated other than as community property and therefore evenly divided. (See Fam. Code, § 2550.)

Plainly, by borrowing from the HELOC, Brian diminished the *community's* interest in the home by $29,140. While the community was therefore entitled to a credit of $29,140, at most Patricia was entitled to one-half of that credit, or $14,570. (See Fam. Code, § 2550.) Nothing on the face of the record or in any principle of law to which we have been cited, or are otherwise aware, supports giving Patricia more than credit for one-half of what Brian borrowed. In this regard, although the trial court found that Brian used the HELOC without Patricia's consent, in light of the fact that the record shows that upon sale of the home there were more than sufficient funds to protect Patricia's interest in the home and its proceeds, this was not a case of the "calculated thievery," which,

4

under Family Code section 2602, permits an exception of the equal division of community property otherwise required by Family Code section 2550. (See *In re Marriage of Schultz* (1980) 105 Cal.App.3d 846, 855.) Thus, the trial court's order must be modified to provide Patricia a credit of $14,570 payable from Brian's portion of the sale proceeds.

## DISPOSITION

The trial court's order is modified to reduce the $29,140 credit provided to Patricia to the sum of $14,570. In all other respects, the order is affirmed. Each party to bear their own costs of appeal.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

NARES, J.

5