[Civ. No. 28239.  Second Dist., Div. Four.  Oct. 10, 1966.]

ADLINE WARSHAW, Plaintiff and Appellant, v. SAM H. GINSBURG, Defendant and Respondent.

Mack, Berchin & Nast and Eugene C. Berchin for Plaintiff and Appellant.

Hirsch, Susman, Glushon & Gelfand, Alvin Hirsch and Robert Silver for Defendant and Respondent.

JEFFERSON, J.—This is an appeal by plaintiff, Adline Warshaw, from an order which terminated defendant's obligation, under an order previously made, to make payments for the support of the parties' minor children. Plaintiff contends the lower court abused its discretion in granting this relief to defendant.

Plaintiff was awarded a divorce from defendant in 1950 in Michigan and was given custody of their three minor children. Both plaintiff and defendant later moved to California. On September 30, 1958, by a stipulated judgment in the Superior Court of Los Angeles County, the Michigan divorce was established as a foreign judgment in full force and effect in California. As part of the stipulated judgment, defendant was ordered to pay monthly child support payments for the support of the three children. On June 24, 1959, the judgment was modified, allowing defendant certain visitation rights, and plaintiff was ordered not to use any surname for the children other than "Ginsburg."

On September 12, 1963, defendant filed an order to show cause in which he sought modification of his child support obligation under the September 30, 1958, judgment. Plaintiff countered with an order to show cause of her own also seeking modification of defendant's child support payments (upward), and in addition asked for attorney fees. On November 18, 1963, a hearing was held on both orders to show cause. By stipulation, affidavits introduced by both parties were deemed to be their testimony. The court thereafter made its order terminating (as of September 12, 1963), defendant's obligation to make further child support payments under the judgment theretofore in effect. Plaintiff's order to show cause was denied, and the parties were ordered to pay their own attorneys' fees.

In lieu of a reporter's transcript, the record on appeal has been augmented by the filing of an engrossed settled statement

setting forth the evidence presented at the hearing of the respective orders to show cause.

Summarized, this evidence was as follows: According to the defendant there was no longer any relationship existing between himself and his children. He had not seen them in about a year. Prior to that he saw them only rarely. When, on various occasions, he came to visit with them, they were not at home, and he was advised by plaintiff that they were engaged in one type of activity or another. The last time he saw his two sons, Stewart and Mark (who were both 18 years of age), he told them to call him when they wanted to see him again.[1] In 1959, defendant secured a court order to prevent plaintiff from calling the children by the surname "Warshaw," the name of plaintiff's present husband. Subsequently, however, a change of name petition was filed by the two sons through plaintiff as their guardian ad litem, seeking to change their legal names from "Ginsburg" to "Warshaw." Notwithstanding defendant's objections, the court, on September 11, 1963, granted the petition.[2] At the hearing on the petition the boys' stepfather, Max Warshaw, stated that they were like sons to him and that they wanted to be like "one happy family."[3]

Plaintiff's version was that, while she did not discourage the children from visiting with their father, she felt they were of sufficient maturity to decide when they wished to see him; if the children's relationship with defendant had become distant, it was because of defendant's lack of concern for them during their youth.

Stewart—one of the minor boys—testified that, as he and his brother had grown older, they had become more distant from their father. They had their own friends and activities and were not interested in the activities suggested by defendant when he visited them. If the court ordered him to do so, he would visit his father, but preferred to do so only if his own activities were not interrupted.

In its decision in the case of *Dean v. Dean,* 59 Cal.2d 655 [31 Cal.Rptr. 64, 381 P.2d 944], our Supreme Court stated certain well established principles of law which

[1]The third child of the parties, Deeyna, was emancipated upon her marriage in 1961. It is not contested by plaintiff that defendant had any further obligation to support her. The support payments were not modified following her emancipation.

[2]The superior court file in the action brought by the sons to change their names, was admitted in evidence by reference.

[3]No contention is made, however, that the boys were ever legally adopted by Warshaw.

have application here. At page 657 the court said: "The general rule is that the trial court is without authority to order a reduction in the amount of alimony or support payments awarded in a decree of divorce in the absence of a showing that there has been a change in conditions subsequent to the entry of such decree; the court may, however, modify a support order because of changed circumstances (Civ. Code, § 139); whether the modification is warranted depends on the facts and circumstances of each case; the propriety of the modification rests in the first instance in the sound discretion of the trial court; and an appellate court will not interfere with the trial court's action unless, as a matter of law, an abuse of discretion is shown. [Citations.] Further, any conflicts in the evidence or in reasonable inferences to be drawn from the facts will be resolved in support of the decision of the trial court. [Citations.]"

The statutory authority permitting modification of support orders, Civil Code section 139 above referred to, provides, that the court may, in its discretion, revoke the order of support. "That portion of the decree or judgment making any such allowance or allowances, and the order or orders of the court to enforce the same . . . *may be modified or revoked* at any time at the discretion of the court. . . ." [Italics added.] (Civ. Code, § 139.)

In the instant case, the evidence before the court below clearly supports a finding that the two minor boys no longer had any interest in defendant, their natural father; that, subsequent to the time of the entry of the support order, they had in effect become a part of the family of their stepfather, having even gone so far as to change, over defendant's objection, their names to his name. It is further clear that the use of the name of plaintiff's new husband was in violation of the specific orders of the court in this action.

However, as defendant conceded in argument before us, the court was not authorized, by way of punishment for the disobedience by plaintiff of its orders, or as a reprimand to the children, to leave the minor children without reasonable support. (*Ernst* v. *Ernst*, 214 Cal.App.2d 174, 178-179 [29 Cal.Rptr. 478].) The issue before us, then, is whether or not the record indicates that the welfare of the children will be affected by an order which relieves their father of the immediate duty of support.

The record contains the affidavit of defendant (which was, by stipulation, received as his testimony), stating that

"plaintiff and her present husband have adequate means of providing" for the two boys. This evidence was uncontradicted, except for such inference as might be drawn from plaintiff's affidavit stating that "Plaintiff does not have the ability to pay reasonable attorneys fees."

There is evidence that defendant's net income was then $425 per month and his net worth $2,200, and that he had remarried.

After seeing the parties and hearing their testimony the trial court was required to draw inferences and reach a conclusion as to whether the circumstances indicated that the minors no longer needed the support of defendant. From the evidence it was a permissible inference that Mr. Warshaw had the means to support the boys who bore his name, and that since they were "like sons" to him, and had resided with him for almost eight years as a part of his "one happy family," he would support them. The trial court could reasonably have concluded, that if there was any real danger that the boys would not be provided for adequately as "Warshaws," that fact would have been brought out. Thus it was a reasonable and proper conclusion by the trial court that the small amount of financial help which defendant was able to provide was not needed. The intendments are in favor of the trial court's order. Appellant has not shown any error of law.

██ Furthermore, the order attacked by plaintiff does not, and could not, relieve defendant from his continuing duty to support his children according to his ability and their needs. If it should hereafter appear that the mother and stepfather will not support the minors, or that, although willing, they cannot do so without assistance from defendant, the trial court has the power to make a new support order, directed to defendant, consistent with the facts as they may then appear.

The order appealed from is affirmed.

Files, P. J., and Kingsley, J., concurred.