[Civ. No. 35629. Second Dist., Div. Four. Mar. 12, 1970.]

Adoption of SHANA RACHEL PIERCE, a Minor. RAYMOND S. KAPLAN, Plaintiff and Respondent, v. JERRY PIERCE, Defendant and Appellant.

## COUNSEL

Herbert E. Selwyn and Jay Gain for Defendant and Appellant.

Ross & Saunders and Saul Ross for Plaintiff and Respondent.

## Opinion

**ALARCON, J. pro tem.**\*—The appellant and petitioner Jerry Pierce seeks a writ of supersedeas to stay the enforcement of a portion of the judgment of the Superior Court for Los Angeles granting the petition for adoption filed by Raymond Kaplan in the case entitled, In the Matter of the Adoption Petition of Raymond S. Kaplan, superior court number AD 70279. The portion involved deals with the cancellation of visitation rights previously existing.

On November 29, 1967, the petitioner filed an inverse paternity action in the superior court (Jerry Pierce v. Sally Kay Petteys, superior court number NC D 7259-B) in which he asked the court to find that he was the father of Shana Rachel Pierce, who was born out of wedlock from his intimate relationship with the child's mother, and that he be granted visitation rights. An answer was filed on December 11, 1967, in which the defendant, now Salonge K. Kaplan, admitted that she was the mother of Shana Rachel Pierce and that petitioner was the natural father. On the same date the child's mother filed a cross-complaint in which she requested that the court declare that the petitioner was the natural father of Shana, and that petitioner be ordered to pay child support.

On January 16, 1968, the court order was issued pursuant to stipulation requiring the petitioner to pay child support of $25 per week, and permitting him limited visitation rights as set forth in the stipulation.

On July 25, 1968, the matter went to trial and was submitted to the court. On August 18, 1968, the court declared that petitioner is the father of Shana, granted him restricted visitation rights, and ordered him to pay child support of $25 a week. Judgment was entered on October 1, 1968.

On April 13, 1968, the child's mother was married to Raymond S. Kaplan. On July 30, 1968, while the paternity action was still pending, Raymond S. Kaplan filed a step-parent adoption petition with the Superior Court for Los Angeles County. Jerry Pierce, the petitioner in the matter before this court, refused to sign a consent to the adoption as the natural father. Mr. Pierce appeared at the adoption hearing and testified in opposition to the granting of the petition because of the absence of his consent.

On September 5, 1969, the trial court granted the petition for adoption after making a specific finding that Jerry Pierce "has not legitimated the minor child involved herein and that the consent of the natural mother alone is necessary for adoption."

---

\*Assigned by the Chairman of the Judicial Council.

On the same date, but apparently after the parties had left the courtroom, the trial judge in the adoption proceedings ordered that "the visitation rights granted to Jerry Pierce (Plaintiff in action number NC D 7259-B) are hereby suspended and he shall have no right of visitation as to said child until the order to show cause presently set for September 16, 1969, in Department North Central "C" is heard and determined.

"The court having intended to announce this order from the bench and having inadvertently neglected to do so, the clerk is ordered to give telephone notice of this order re visitation to both counsel and to send copies of this order to both counsel." The decree of adoption was signed and filed on September 17, 1969. The petitioner, Jerry Pierce, filed his notice of appeal of the decree of adoption on October 16, 1969.

All child support payments were made by Jerry Pierce until the decree of adoption was granted and thereafter until such payments were refused and returned. From the date of the judgment in the paternity action until the date of the adoption decree the petitioner saw the child at least once a week unless prevented from doing so by the child's mother.

The petitioner seeks a writ of supersedeas in order to preserve his relationship with the child through the exercise of visitation rights. He alleges that, if he is denied the right to exercise the vistation rights earlier granted to him, during the time it will require to finally determine his appeal, "he and she would both be deprived of a mutual affection of father and child."

The respondent does not deny that one department of the Superior Court for Los Angeles County in an inverse paternity action has found that Jerry Pierce is the father of Sharon Rachel Pierce. We are instead referred to the finding in the adoption proceedings by another trial department that "Said minor child was not legitimated . . . under the terms and provisions of § 230 of the Civil Code of the State of California." We are satisfied that these seemingly inconsistent findings in two different superior court actions raise substantial legal questions which might result in a reversal on the appeal from the decree of adoption.

Accordingly, unless that portion of the judgment of the superior court which suspended his visitation rights is stayed by this court, the petitioner will be effectively deprived of the opportunity to maintain the existing relationship of father and daughter until the appellate court has an opportunity to determine the merits of his appeal. Without the intervention of this court and because of the age of the child (born January 30, 1966) an irreparable estrangement may result in the delicate relationship between the petitioner and his daughter.

Respondent contends that this court should deny the petition on the grounds that "there is nothing for the writ to restrain."

We need not decide whether or not petitioner is entitled to a technical write of supersedeas. ■ This court has an inherent power to issue process necessary to protect its appellate jurisdiction and to insure that the rights of an appellant will not be destroyed by the mere passage of time necessary to prosecute his appeal. (3 Witkin, Cal. Procedure (1954) Appeal, § 59, p. 2210.) Prior to the entry of the portion of the order herein attacked, a right of visitation by the admitted natural father had been recognized and a father-child relationship had been created and existed between him and the child who is the innocent victim of the tug-of-war between his parents; if petitioner succeeds on his appeal that relationship will, necessarily, be resumed. But the interruption of that relationship for the unhappily too long period before the appeal here can be decided would, under those circumstances, involve a serious trauma to the young child. On the other hand, we can see no serious harm either to the child or to the mother and her new husband if the relationship continues. The situation will be no different from what it has been, or from that which exists in thousands of cases involving the children of divorced parents.

■ We conclude that the mere existence of a decree of adoption not yet final, and of questionable validity, should not, in and of itself, serve to terminate visitation rights theretofore in existence. However, petitioner's rights of visitation are no greater than those of any natural and legitimate father and they may lawfully be terminated or restricted if their exercise is harmful to the child. ■ It is alleged, in the response in opposition to issuance of a writ of supersedeas, that it would not be in the child's best interests to permit the petitioner to visit the child pending final determination of his appeal, because of the child's present serious illness and because of the disturbing effect on the child which has occurred as the result of past visits.

Without an evidentiary hearing, the merits of respondent's claim that visitations might be harmful to the child cannot be resolved.

Accordingly, it is the order of this court that the trial court shall, forthwith, hold an evidentiary hearing to determine if it is in the best interests of the child for the petitioner to be granted reasonable visitation rights, on such terms and conditions as to that court may seem in the best interests of the child. In determining the bests interests of the child the trial court may not resolve this question on the strength of its evaluation of the likelihood that petitioner may or may not prevail on his appeal. Such determination of the trial court shall remain effective (subject to modification by that court for good cause), until the further order of this court and until final determination of the petitioner's appeal from the decree of adoption in this matter.

The petition for a writ of supersedeas is granted subject to the conditions set forth in this opinion.

Kingsley, Acting P. J., and Dunn, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 28, 1970.