In the Matter of ROBERT K. SCRANTON et al., Respondents, *v.* ROGER L. HUTTER et al., Appellants.

Fourth Department, January 18, 1973.

*Benjamin Galperin* for appellants.

*Carnahan, Di Giulio, LaFalce, Moriarty & Hill* (*Robert B. Moriarty* of counsel), for respondents.

MOULE, J. Petitioners, as maternal grandparents of two infants, sought to obtain visitation rights in respect to them pursuant to section 72 of the Domestic Relations Law. One of the infants, a boy, was born on August 10, 1961 and the other, a girl, on July 18, 1962 of the marriage of the petitioners' daughter and Roger L. Hutter, Sr., one of the respondents. Petitioners' daughter died on May 13, 1965 and in June, 1968 Roger L. Hutter, Sr. married Patricia Williams and they continued to reside at 521 Adams Street in the City of Tonawanda where he had resided with his first wife. Patricia Hutter, the second wife, legally adopted the two children by order of the Surrogate's Court, Erie County, dated April 26, 1971.

From the time of his second marriage, Roger L. Hutter, Sr. and his second wife began to refuse to allow petitioners to visit with their grandchildren. The last holiday the petitioners were able to spend with their grandchildren was Christmas Day, 1969 and the last time the petitioners were able to see their grandchildren was on January 31, 1970.

The question before us is whether because of the adoption of the two children by Patricia Hutter, the petitioners are pre-

cluded from seeking any visitation rights under section 72 of the Domestic Relations Law which reads as follows: "Where either or both of the parents of a minor child, residing within this state, is or are deceased, a grandparent or the grandparents of such child, who is or are the parents of such deceased parent or parents, may apply to the supreme court for a writ of habeas corpus to have such child brought before such court; and on the return thereof, the court, by order, after due notice to the parent or any other person or party having the care, custody and control of such child, to be given in such manner as the court shall prescribe, may make such directions as the best interest of the child may require, for visitation rights for such grandparent or grandparents in respect to such child."

Special Term refused to dismiss the proceeding and in so doing disregarded the decisions in *People ex rel. Levine* v. *Rado* (54 Misc 2d 843) and *People ex rel. Herman* v. *Lebovits* (66 Misc 2d 830). Both of these cases held that an adoption order superseded any right that grandparents had under section 72 of the Domestic Relations Law. Petitioners maintain that such a determination is harsh, and it obviously may be in certain circumstances.

We have sought to ascertain the intention of the statute in this situation. The only relevant legislative history that we have been able to obtain is contained in the New York State Legislative Annual for 1966. At page 14 there is a memorandum by Assemblyman Noah Goldstein in support of 1966 Assembly Intro. No. 264, Print No. 7112, the bill enacted as chapter 631 of the Laws of 1966, referred to in the Consolidated Laws as section 72 of the Domestic Relations Law. It states that:

" the right to visit their grandchild would be solely in the discretion of the Court. The Court may deny the application by the grandparents if the Court is of the opinion that it would not be in the best interest of the grandchild. * * * This bill retains discretion in the courts to grant or deny such visitation, and presents a worthwhile purpose. * * *

" There are many cases on record where parents who have lost their only child have been unable to apply to the Courts for leave to be granted the right to visit the children of their deceased child. The Courts in these cases, although sympathetic to the application made by the grandparents, stated that the Court had no jurisdiction to entertain the application because their [*sic*] was nothing in the law giving them the right to rule on such applications. Grandparents in this manner have been deprived unjustly of the rights to visit their grandchildren. How tragic

it must be when grandparents lose their only child and not be able to visit the child or children of their deceased child because there is no law enacted by the legislature to give them at least the opportunity to apply to the Court for this right.''

Section 72 provides for the relief sought after notice to any parent having custody of the grandchild. This implies that a situation such as is here presented was intended to be covered and it is not subject to an automatic limitation by an adoption order. If we were to read into the statute such a limitation, its purpose and effect would be vitiated in all cases where the surviving parent remarried and the stepparent adopted the child. We believe that if it were the intent of the legislation to exempt such cases from its remedial effects, it would have so provided.

A statute similar to section 72 of the Domestic Relations Law is found in subdivision (a) of section 197.5 of the Civil Code of California which reads: '' If either the father or mother of an unmarried minor child is deceased, the parents of such deceased person may be granted reasonable visitation rights to the minor child during its minority by the superior court upon a finding that such visitation rights would be in the best interests of the minor child.''

A case arose where grandparents sought visitation rights under that section. Their son, the child's natural father, was deceased and the natural mother had remarried and the stepfather adopted the child. A motion to dismiss was made on the basis of section 257 of the California Probate Code which states: '' An adopted child shall be deemed a descendant of one who has adopted him, the same as a natural child, for all purposes of succession by, from or through the adopting parent the same as a natural parent. An adopted child does not succeed to the estate of a natural parent when the relationship between them has been severed by adoption, nor does such natural parent succeed to the estate of such adopted child, nor does such adopted child succeed to the estate of a relative of the natural parent, nor does any relative of the natural parent succeed to the estate of an adopted child.''

The California Court of Appeals held in *Roquemore* v. *Roquemore* (275 Cal. App. 2d 912, 916): '' Section 257 of the Probate Code is a succession statute, and it provides that an adopted child shall be a descendant of one who has adopted him ' for all purposes of succession '. There is no statutory requirement, in section 257 of the Probate Code or otherwise, that an adoption precludes natural grandparents of the adopted child

from maintaining an action to obtain visitation rights under section 197.5 of the Civil Code."

In its decision, it cited *Matter of Zook* (62 Cal. 2d 492, 494-496) which stated: "Unquestionably the substitution of adoptive for natural parents serves a great number of social objectives. On the other hand the law should not and cannot ignore the fact that an adopted person may not in many respects be cut off from his natural family. If affection and regard remains between members of a natural family, the law should not in the name of consistency undertake to thwart the expression of those feelings when the encouragement thereof does not hinder the adoptive relationships."

Section 117 of the Domestic Relations Law, which defines the effect of adoption upon natural and adoptive family ties, is comparable to section 257 of the California Probate Code. It states in part (subd. 2): "This section shall apply only to the intestate descent and distribution of real property" and is thus essentially a succession statute as is section 257 of the California Probate Code.

The *Roquemore* case is, therefore, in point. We hold, as did the court in that case, that an adoption does not preclude the natural grandparents from applying for a writ of habeas corpus to obtain visitation rights under section 72 of the Domestic Relations Law.

A hearing should be held to determine whether granting of visitation rights to the grandparents is in the best interests of the children.

GOLDMAN, P. J., DEL VECCHIO and MARSH, JJ., concur.

Order unanimously affirmed without costs.