[Civ. No. 15946. Third Dist. May 11, 1978.]

In re the Marriage of PAMELA L. and JAMES E. O'CONNELL.
PAMELA L. O'CONNELL, Appellant, v.
JAMES E. O'CONNELL, Respondent.

## COUNSEL

James A. Brennan for Appellant.

Lopes & Eustis and Manuel E. Lopes for Respondent.

## OPINION

**REYNOSO, J.**—We are called upon to determine the effect of an order declaring minor children free from custody and control of a parent (Civ. Code, § 232) upon that parent's obligation to support the children. Appellant Pamela L. O'Connell was the petitioner in a dissolution proceeding against respondent James E. O'Connell. She appeals from an order of the trial court terminating the child support payments awarded in the decree of dissolution.

An order under Civil Code section 232 does not, as a matter of law, automatically terminate the child support obligations. It is a relevant consideration in a motion to reduce or terminate the support payments. That is all. All other matters generally considered by the court, including the needs of the children, are important. The trial court entered its order terminating the child support payments apparently based exclusively on the existence of Civil Code section 232. The record shows consideration of no other factors. Accordingly, we reverse and remand.

While Pamela wants child support she urges the view that, as a matter of law, James can enjoy no visitation rights under any circumstances. We disagree. We hold that the court still has the authority to enter an order

permitting James to visit the children. He is a person (parent or otherwise) who has an interest in the children.

An interlocutory judgment of dissolution of a marriage was entered in the marriage of Pamela and James O'Connell. That 1970 judgment provided that the care, custody and control of the two minor children of the marriage be awarded to Pamela, subject to James' right of reasonable visitation. James was ordered to pay $50 per month per child, a total of $100 per month, for the support and maintenance of the minor children and $50 per month for the support and maintenance of Pamela. In December 1970, a final judgment of dissolution of marriage was entered, incorporating the terms of the interlocutory judgment.

Six years of conflict between Pamela and James followed.

The year after the interlocutory, in November 1971, James was adjudged guilty of contempt for his refusal to make child support payments, and was sentenced to 30 days in the county jail. The court found the arrearage to be $2,844.05.

One and one-half years later, in February 1973, Pamela filed a completely separate action. She petitioned to declare the minor children free from James' custody. The parties entered into a written stipulation giving Pamela sole custody. Thereafter, Pamela's section 232 petition was granted. Accordingly, she received sole custody in the section 232 proceedings. Of course, she already had custody pursuant to the interlocutory decree. The husband, however, had been given reasonable visitation rights in the dissolution decree.

Thereafter, on August 27, 1973, the parties and their attorneys entered into a stipulation providing that the amount of support arrearage in the dissolution case was then $5,851. It was further provided that spousal support would be reduced to $1 per month and that child support would be paid through the office of the District Attorney of Sacramento County, Domestic Relations Division. James agreed to pay $40 per month in reduction of the support arrearage. The court adopted the stipulation and order on September 6, 1973.

On May 14, 1974, James turned to the section 232 decree. He filed a motion to set aside the stipulation he had signed giving Pamela sole custody. And he sought to set aside the section 232 decree granting sole custody to Pamela. The court denied the motion in July 1974.

James returned to the dissolution action. He filed a motion to modify child support payments. This motion, the last of several custody and support motions, was filed in January 1976. Later he filed an amended order to show cause in an effort to modify child support payments or in the alternative to gain reasonable visitation rights. In support of his motion James filed a declaration in which he stated he signed the stipulation for sole custody with Pamela's assurance that he would not be denied visitation rights. However, after entry of the order Pamela had told him that she was going to be remarried and would start a new life. James requested the court to terminate his support payments in "fairness and equity."

The court denied the motion for reasonable visitation and granted the motion to terminate child support payments. It is from this order that Pamela takes her appeal, contending that the order under Civil Code section 232 (declaring the children free from the custody and control of James) terminated his right of visitation but left unaffected his obligation of support.

Civil Code section 232[1] sets forth the circumstances warranting an action to declare a minor child free from parental custody and control. Subsequent sections 232.1 through 239 establish the procedures for such a declaration by the court. Civil Code section 238, a part of that statutory scheme provides: "Any order and judgment of the court declaring a minor person free from the custody and control of any parent or parents under the provisions of this chapter shall be conclusive and binding upon such minor person, upon such parent or parents and upon all other persons who have been served with citation by publication or otherwise as provided in this chapter. After making such order and judgment, the court shall have no power to set aside, change, or modify it, but nothing in this section shall be construed to limit the right to appeal from such order and judgment."

■ The purpose of an action to declare the child free from parental control is to facilitate adoption of the minor child. (*In re Kitchens* (1953) 116 Cal.App.2d 254, 262-263 [253 P.2d 690].) "The proceedings to declare a child free from parental control do not involve problems of custody or juvenile court supervision of the subject child. They contemplate the

---

[1]The provisions of Civil Code section 232 et seq. are similar to the former provisions of the Welfare and Institutions Code section 701 et seq. In 1961, the state Legislature repealed those sections of the Welfare and Institutions Code and enacted the provisions of the Civil Code relating to an action to declare a minor free from parental control and custody. (Stats. 1961, ch. 1616, p. 3459 et seq.)

conclusion of such custody problems and not only termination of all parental control but the severance of the relationship between the child and its parent or parents." (*In re Zimmerman* (1962) 206 Cal.App.2d 835, 843 [24 Cal.Rptr. 329].) An order in such a proceeding results in a total severance of the natural ties between the parent and the child. (*In re Susan M.* (1975) 53 Cal.App.3d 300, 310 [125 Cal.Rptr. 707].)

We have misgivings as to the propriety of the court's earlier section 232 order. Civil Code section 232 is not a means to enforce child support obligations, to gain an advantage over the other parent, or to spite the other spouse. We find manifestations in the record of such unfortunate impulses by the parties. A section 232 order involves the termination of a most fundamental and basic civil right, that of the right of care, custody and management of one's own children. (*In re B. G.* (1974) 11 Cal.3d 679, 688 [114 Cal.Rptr. 444, 523 P.2d 244]; *In re Susan M., supra,* 53 Cal.App.3d at p. 310; see also *Stanley* v. *Illinois* (1972) 405 U.S. 645, 651 [31 L.Ed.2d 551, 558, 92 S.Ct. 1208].) Nonetheless, James did not appeal from that order or from the denial of his motion to set that order aside. Thus, the matter is not before us.[2]

We deal with the effect of an adverse Civil Code section 232 order against a father relative to his (1) obligation to support the children; and (2) right of visitation. We find no aid from decisional law regarding this question.

I

We turn to the support issue. Civil Code section 196 provides that the parent entitled to the custody of a child must give him support and education suitable to his circumstances. If a parent neglects to provide necessaries to a child under his charge a third person may do so pursuant to section 207 and recover from the parent. A parent is not liable to the other parent or relative for the voluntary support of his child. (Civ. Code, § 208.) ▉ Thus, absent a dissolution decree ordering support payments, the parent with custody bears full responsibility for the support of the child. (*Lewis* v. *Lewis* (1917) 174 Cal. 336, 339-340 [163 P. 42]; *Selfridge* v. *Paxton* (1905) 145 Cal. 713, 716-717 [79 P. 425].) A father who

[2]Pursuant to California Rules of Court, rule 12(a) we have ordered the record augmented to include the petition, stipulation and order in superior court action No. 4807. The order recites that notice was given, that the probation department filed a favorable recommendation, and that good cause appeared. The order is not void on its face and we must accept the determination of the court, it having become final by the respondent's failure to appeal.

does not have custody is not liable to third persons for necessaries. (*Blair* v. *Williams* (1927) 86 Cal.App. 676, 680 [261 P. 539].) In *Pacific G. D. Co.* v. *Industrial Acc. Com.* (1920) 184 Cal. 462, 466 [194 P. 1, 13 A.L.R. 725], the court, in dicta, observed that a father probably cannot avoid the obligation for support of his children by his own action resulting in denial of custody. The court added that where a divorce decree omits to order support payments, the father will remain secondarily liable for support.

■ A child has important rights of his own. Thus, he can maintain an action against a parent for support, despite the appointment of a guardian and denial of custody to that parent. (*Fagan* v. *Fagan* (1941) 43 Cal.App.2d 189, 191 [110 P.2d 520].) Nor is a father's duty of support extinguished by a dissolution decree awarding custody to the mother which does not award support. (*Kresteller* v. *Superior Court* (1967) 248 Cal.App.2d 545, 548-549 [56 Cal.Rptr. 771].) While parents may be bound by a mother's agreement releasing a father from liability for support of the children, neither the court nor the children are bound by the agreement. (*Elkind* v. *Byck* (1968) 68 Cal.2d 453, 457 [67 Cal.Rptr. 404, 439 P.2d 316]; *Hunter* v. *Hunter* (1959) 170 Cal.App.2d 576, 583 [339 P.2d 247]; *Allen* v. *Allen* (1956) 138 Cal.App.2d 706, 708 [292 P.2d 581].) The single most important consideration in an action for support is the need of the child. (*Bierl* v. *McMahon* (1969) 270 Cal.App.2d 97, 102 [75 Cal.Rptr. 473].) An emancipation of the minor by agreement with the parent does not terminate the right of the minor to support from the parent. (*County of Alameda* v. *Kaiser* (1965) 238 Cal.App.2d 815, 817 [48 Cal.Rptr. 343].) ■ The parent of a minor committed to an industrial school by the juvenile court can be ordered to reimburse the county for the support of the child. (*Svoboda* v. *Superior Court* (1923) 190 Cal. 727, 731 [214 P. 440].) The appointment of a guardian does not prevent the court from ordering the parent to provide support for the child. (*Evans* v. *Evans* (1908) 154 Cal. 644, 646 [98 P. 1044].) These cases tell us that in disputes involving the obligation for support of minor children, the right of custody and control is an important factor, but the welfare and need of the minor child is even more important.

We recall that Civil Code section 232 is used to facilitate the adoption of a minor child. (*In re Kitchens, supra,* 116 Cal.App.2d at p. 262.) ■ In an adoption proceeding, the decree of adoption terminates the jurisdiction of a court to make orders as to the custody or support of the child by the natural parent. This is true even when a prior decree of dissolution was in existence. (*Younger* v. *Younger* (1895) 106 Cal. 377, 379 [39 P. 779]; *In re DeLeon* (1924) 70 Cal.App. 1, 6 [232 P. 738].) Civil Code

section 229 specifically relieves the natural parent of all duties and responsibility for the child from the time of the adoption. Further, when such a decree has been entered the child may be adopted without the consent of the parent. (Civ. Code, § 224.) However, an order declaring the child free from the custody and control of the parent is not an adoption order. In an adoption proceeding the child receives a "substitute" parent, and although he loses his right to look to the natural parent for support, he can now look to the adoptive parent. (Civ. Code, § 228.)

■ Since the Legislature has not specifically relieved parents of the duty to support children after the granting of an order under Civil Code section 232, we decline to read into it such an effect. The right to custody and control is an important factor in determining the duty to support children. Nonetheless, we conclude that the absence of custody and control does not terminate the court's power to issue a support order. The court has discretion to consider all other matters material to child support..

The trial court has wide discretion in issuing an order regarding child support. (*Straub* v. *Straub* (1963) 213 Cal.App.2d 792, 797 [29 Cal.Rptr. 183]; *Levy* v. *Levy* (1966) 245 Cal.App.2d 341, 361 [53 Cal.Rptr. 790]; *Ernst* v. *Ernst* (1963) 214 Cal.App.2d 174, 176, 178 [29 Cal.Rptr. 478].) It could properly consider the order under section 232 in deciding the motions to modify child support payments. Pamela's denial of visitation to James (*Kaminski* v. *Kaminski* (1970) 8 Cal.App.3d 563, 565 [87 Cal.Rptr. 453]), and Pamela's wish to "start a new life" with her present husband and the children are properly before the court. That is, the breakdown of the parent-child relationship and the establishment of a quasi-familial relationship by the child with a stepfather are appropriate considerations in a child support modification. (*Warshaw* v. *Gingsburg* (1966) 245 Cal.App.2d 513, 515-517 [53 Cal.Rptr. 911].) Upon a consideration of all of the factors involved the trial court must exercise its discretion in determining whether or not to modify the order of child support. (*Primm* v. *Primm* (1956) 46 Cal.2d 690, 693 [299 P.2d 231]; *Sande* v. *Sande* (1969) 276 Cal.App.2d 324, 330 [80 Cal.Rptr. 826].)[3] Our review

---

[3]Appellant asserts that the trial court was without authority to modify the support order since there was no showing of a change of circumstances. We disagree. James seeks to modify the stipulation of August 27, 1973. That stipulation did not modify the child support payments, nor did it refer to the separate action under Civil Code section 232. In sum, the court was not informed that the children had been declared free from the custody and control of James several months earlier, nor was it informed that Pamela would deny James visitation privileges. The stipulation merely requested modification of

of the entire record reveals nothing to indicate that the court considered the needs of the children or James' present ability to pay support in making its order. We have no indication in the record that the trial court considered the circumstances which are relevant in modifying an order of support. James argued only that the section 232 order required (or at least permitted) the court to modify the payments on the sole basis of the order. His declarations did not suggest that such payments could be modified downward without causing detriment to the children.

The action must be remanded. The trial court must decide whether, as we have discussed, the child support payments should be reduced or terminated based upon a consideration of all of the relevant factors. Accordingly, we remand for a redetermination.

## II

■ We examine the nature of visitation rights. The right of visitation is not equivalent to the right to custody and control. Nor does the award of visitation rights allow the parent given such rights to make the decisions regarding the child's care and control, education, health and religion. The right to custody and control of the minor child, unlike the right of visitation, is the right to companionship of the child and the right to make decisions regarding his care and control, education, health and religion. (*Lerner* v. *Superior Court* (1952) 38 Cal.2d 676, 681 [242 P.2d 321].) Upon the death or absence of the parent with custody and control, the right of custody and control of the other parent revives. (*Bell* v. *Krauss* (1915) 169 Cal. 387, 390 [146 P.2d 874]; *Stauffacher* v. *Stauffacher* (1964) 227 Cal.App.2d 735, 739 [39 Cal.Rptr. 31].) Under the provisions of Civil Code section 4600 the decree awarding custody and control to one parent can be modified by the court upon a proper showing.

■ The trial court has broad discretion regarding who will exercise visitation rights. Thus, a decree of adoption not yet final should not in and of itself terminate the natural father's right to visit his children. (*Adoption of Pierce* (1970) 5 Cal.App.3d 316 [85 Cal.Rptr. 104].) Further, the adoption of a child does not sever the rights of the grandparents to visit the children. (*Roquemore* v. *Roquemore* (1969) 275 Cal.App.2d 912, 916-917 [80 Cal.Rptr. 432].) The *Roquemore* teaching has been narrowed by the adoption of Civil Code section 197.5, subdivision (c), which states

---

spousal support and agreed that future child support would be paid through the office of the district attorney. We believe James had made a proper application for modification.

that if the adoptive parent is not the stepparent of the child then the right of visitation shall terminate. However, Civil Code section 4601 is very broad—it provides that in the discretion of the court reasonable visitation rights may be awarded to "any other person having an interest in the welfare of the child."

■ The above authorities confirm that the right of visitation is not necessarily dependent upon the relationship of parent and child. The order pursuant to section 232 terminated James' right of custody and control of the children. It did not, however, terminate the court's jurisdiction to enter an order confirming James' reasonable visitation of the children. The court, of course, must consider the effect on the children of such visits. Such visitation may be denied if the court finds that it would be detrimental to the children. (Civ. Code, § 4600.) We rule, however, that the court has the authority to issue such a visitation order.

The decision of the trial court is reversed and the cause remanded for further consideration consistent with this decision.

Puglia, P. J., and Evans, J., concurred.