[No. C033693. Third Dist. Aug. 15, 2000.]

In re the Marriage of LINDA K. and STEVEN GREGORY DUNMORE.
LINDA K. HELMIG, Respondent, v.
STEVEN GREGORY DUNMORE, Appellant.

**COUNSEL**

Duncan Footman for Appellant.

Jan Scully, District Attorney and James E. Graves, Deputy District Attorney, for Respondent.

**OPINION**

**RAYE, J.**—Appellant Steven Gregory Dunmore challenges an order by the trial court setting child support arrears for his daughter Eileen. In an

unrelated action, Eileen's stepfather initiated a stepparent adoption of Eileen. The preadoption proceedings included a court finding that the adoption could proceed without appellant's consent. On appeal, Steven argues this finding terminated his child support obligation.[1] We disagree and shall affirm the judgment (order).

## FACTUAL AND PROCEDURAL BACKGROUND

Steven married respondent Linda K. Helmig (Dunmore) in 1982, and the marriage was dissolved in 1991.[2] The couple have a daughter, Eileen, born May 12, 1986. The dissolution judgment ordered Steven to pay child support for Eileen of $500 per month beginning October 1, 1990. Steven made all child support payments through March 1994. However, Steven failed to make payments from April 1994 through March 1999. In April 1996 the court lowered the child support for Eileen to $212 per month.

In a separate case, Eileen's stepfather initiated an adoption in 1996. During the preadoption proceedings, a finding was requested and made that the abandonment elements of Family Code section 8604, subdivision (b),[3] were met, and the adoption could proceed without Steven's consent. The record contains no evidence the adoption was ever completed.

In 1999 the district attorney filed a motion to determine child support arrears due from Steven for Eileen's support based on the dissolution order. Steven filed a response, admitting nonpayment since April 1994, but contending his child support obligation terminated on the date the court found Eileen's adoption could proceed without his consent.

Following oral argument, the trial court found: "A petition by Linda's present husband to adopt Eileen has been filed but a final judgment of adoption has not been entered. Additionally, Steven's parental rights have not been terminated, it has only been determined that the adoption can proceed without his consent. His obligation to support the minor child, Eileen, does not terminate until and unless she is adopted, or his parental rights are terminated. Neither has occurred and he is therefore still under the obligation to pay the two hundred and twelve dollars ($212.00) a month child support." The court set the arrears at $25,658.60 through March 1999.

Steven filed a timely notice of appeal.

---

[1]The state filed a brief on behalf of respondent.

[2]For simplicity and to avoid confusion, we hereafter shall refer to the parties by their first names.

[3]All further statutory references are to the Family Code unless otherwise designated.

## DISCUSSION

■ Steven's efforts to secure absolution from his child support obligations are based on his view that a finding under section 8604 permitting an adoption to proceed without the consent of a natural parent effectively terminated his child support obligation. He is mistaken.

Section 8604 is authority for the general proposition that a child having a presumed father cannot be adopted without the consent of the child's birth parents, if living. (§ 8604, subd. (a).) However, subdivisions (b) and (c) of the statute also set forth an exception to the general rule:

"(b) If one birth parent has been awarded custody by judicial order, or has custody by agreement of both parents, and the other birth parent for a period of one year willfully fails to communicate with and to pay for the care, support, and education of the child when able to do so, then the birth parent having sole custody may consent to the adoption, but only after the birth parent not having custody has been served with a copy of a citation in the manner provided by law for the service of a summons in a civil action that requires the birth parent not having custody to appear at the time and place set for the appearance in court under Section 8718, 8823, 8913, or 9007.

"(c) Failure of a birth parent to pay for the care, support, and education of the child for the period of one year or failure of a birth parent to communicate with the child for the period of one year is prima facie evidence that the failure was willful and without lawful excuse."

Section 8604 permits an adoption to proceed without the consent of a parent who has willfully failed to communicate and support a child for one year. It does not purport to relieve that parent from any further obligation to pay child support. Such relief is provided, if at all, when the adoption is consummated. Under section 8617, "The birth parents of an adopted child are, *from the time of the adoption*, relieved of all parental duties towards, and all responsibility for, the adopted child, and have no right over the child." (Italics added.) Here, however, no adoption occurred, and therefore Steven was never "relieved of all parental duties . . . and . . . responsibility," including court-ordered child support. The record contains only a *pre-adoption* finding that the adoption *could* proceed. Steven admits "it does not appear from the record . . . that the adoption ever took place."

Steven confuses the narrowly drawn provisions of section 8604, which operate only to facilitate adoptions, with the provisions of section 7822, which make abandonment an independent ground for termination of parental rights. Section 7822 provides in pertinent part:

"(a) A proceeding [to terminate parental rights] under this part may be brought where the child has been left without provision for the child's identification by the child's parent or parents or by others or has been left by both parents or the sole parent in the care and custody of another for a period of six months or by one parent in the care and custody of the other parent for a period of one year without any provision for the child's support, or without communication from the parent or parents, with the intent on the part of the parent or parents to abandon the child.

"(b) The failure to provide identification, failure to provide support, or failure to communicate is presumptive evidence of the intent to abandon. If the parent or parents have made only token efforts to support or communicate with the child, the court may declare the child abandoned by the parent or parents."

Unlike section 8604, section 7822 requires an intent to abandon. Whatever similarities may exist in the language in the two provisions, the consequences of a finding under section 7822 are vastly different from a finding under section 8604. The termination of parental rights under section 7822 also terminates the support obligation. A finding pursuant to section 8604 permits an adoption to proceed without the absent parent's consent and over that parent's objection. However, it is the later adoption and not the finding under section 8604 that relieves the parent of the support obligation.

Steven argues the adoption finding left him in "legal limbo" without any "legitimate parent-child relationship." He asserts the ruling that removed his adoption veto "effectively" terminated his parental rights and should have the same effect as an abandonment finding under section 7822 because the stepparent "could have presented" such an order. Although the loss of the right to veto the adoption is significant, it is not the equivalent of a termination of parental rights or a declaration of freedom from parental custody and control under section 7803.[4] Moreover, Steven's reliance on *Adoption of Hinman* (1971) 17 Cal.App.3d 211 [94 Cal.Rptr. 487], *In re Robert J.* (1982) 129 Cal.App.3d 894 [181 Cal.Rptr. 188], and *In re Marriage of O'Connell* (1978) 80 Cal.App.3d 849 [146 Cal.Rptr. 26] is misplaced. In each of these cases, a motion to free the minor from parental control was made and granted. (*In re Robert J., supra,* 129 Cal.App.3d at p. 899; *In re Marriage of O'Connell, supra,* 80 Cal.App.3d at pp. 852-853; *Adoption of Hinman, supra,* 17 Cal.App.3d at pp. 213-214.) No such motion was made in the present case.

Finally, Steven invokes the principle of equity, seeking to be relieved of the burden of child support. He argues being deprived of his adoption veto,

[4]Section 7803 states: "A declaration of freedom from parental custody and control pursuant to this part terminates all parental rights and responsibilities with regard to the child."

while being left with his continued support burden, violates the equitable maxim "[h]e who takes the benefit must bear the burden." (Civ. Code, § 3521.) Equity itself dooms his argument. Because no adoption was completed, to relieve Steven of his support obligation would leave his child in limbo, deprived of parental support. Each parent has an equal responsibility to support his or her child. (§ 3900.) The trial court did not abuse its discretion in continuing to impose this responsibility on Steven.

## DISPOSITION

The judgment (order) is affirmed. The state shall recover costs on appeal.

Scotland, P. J., and Sims, J., concurred.