Filed 12/4/13  P. v. Mendoza CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CAROLINA ELIZABETH MENDOZA,<br><br>Defendant and Respondent. | B249422<br><br>(Los Angeles County<br>Super. Ct. No. 1MP12259) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Georgina Torres Rizk, Judge.  Reversed.

Bartell & Hensel, Donald J. Bartell, and Lara J. Gressley for Defendant and Respondent.

Carmen A. Trutanich, City Attorney, Debbie Lew, Assistant City Attorney, and John R. Winandy, Deputy City Attorney, for Plaintiff and Appellant.

_____

## INTRODUCTION

The People appeal from a judgment of dismissal, following an order granting respondent Carolina Elizabeth Mendoza's motion to suppress pursuant to Penal Code section 1538.5. The People contend the trial court erred in determining that under the totality of the circumstances, the traffic officer lacked reasonable suspicion to detain respondent for violating Vehicle Code section 21658, subdivision (a).[1] We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 2, 2011, a misdemeanor complaint was filed against respondent, charging her with violating section 23152, subdivision (a) (driving under the influence) and section 23152, subdivision (b) (driving with a blood alcohol level of .08 percent or above). After pleading not guilty, respondent filed a motion to suppress, arguing that the traffic officer lacked reasonable suspicion to detain her vehicle.

At the hearing on the motion to suppress, California Highway Patrol Officer Michael Lee Walker testified that he stopped respondent's pickup after observing the vehicle crossing the yellow painted line on two occasions within a very short time period, in violation of section 21658, subdivision (a). On the evening of October 20, 2011, Officer Walker was patrolling the westbound Interstate 10 freeway. At around 11:35 p.m., he noticed respondent's vehicle, which was in the number one lane, closest to the concrete median barrier. The vehicle "start[ed] to weave and merge to the left into the center medi[an], traveling over the solid yellow line for approximately 30 feet before re-entering the number 1 lane. A

---

[1]     All further statutory citations are to the Vehicle Code, unless otherwise stated.

short time later, the [vehicle] merged back in, merged back to the left over the solid yellow line again for approximately 1 to 2 feet. At this time, the vehicle jerked sharply to the right and re-enter[ed] the number 1 lane." Officer Walker estimated that during the first lane crossing, the vehicle was approximately a tire width beyond the yellow line. During the second, it was one to two feet over the yellow line.

Defense counsel cross-examined Officer Walker about his observations. Counsel also introduced into evidence a DVD containing video recorded by Officer Walker's Mobile Video Audio Recording Device (MVAR). The MVAR is a camera system mounted on the patrol car. The MVAR video showed the entire traffic incident, which lasted less than a minute. As he observed the video in court, Officer Walker testified that the first lane crossing occurred at 00:41 and the second at 00:46. He also noted a third possible lane crossing occurred at 00:53, but stated that he did not see it at the time he initiated the traffic stop.

The trial court reviewed the MVAR recording in chambers before issuing its ruling. It stated that the issue was "whether or not Officer Walker had reasonable suspicion to initiate an enforcement traffic stop of the defendant on the freeway at the time that he did so based on his observations of her tire . . . crossing onto and over the yellow line that divided the number 1 lane from the shoulder near this concrete wall." It determined that based on the totality of the circumstances, "the officer's testimony as to what he observed as well as the video did not support a finding that the officer had reasonable suspicion to stop the defendant for a violation of Vehicle Code section 21658(A)(1). . . ."

The trial court stated that it had reviewed cases dealing with vehicle weaving, including *Arburn v. Department of Motor Vehicles* (2007) 151 Cal.App.4th 1480 (*Arburn*) and *People v. Bracken* (2000) 83 Cal.App.4th

3

Supp. 1 (*Bracken*), and noted that those cases involved weaving over a much longer distance. In contrast, here, "the defendant's vehicle was traveling at the legal speed limit and . . . there is no weaving within the lane. She maintained her car in the lane very close to that yellow line for a considerable distance. She was already very close to it when the officer was following her, and . . . the period of time shown on the video and by the officer's own testimony, when she crossed or went onto that yellow line was for a very short period of time for a very short distance."

The trial court found that "the video did not support the officer's testimony that the defendant veered sharply to the right to compensate after crossing the line. She did move the car back to the line, but the court's viewing of the video would not characterize that as a sharp bearing to the right." Based upon its factual and legal determinations, the court granted the motion to suppress all evidence obtained following the traffic stop. The prosecutor then stated that the People were unable to proceed. The court dismissed the case and released respondent.

On June 20, 2012, the People appealed the order granting the motion to suppress and the judgment of dismissal to the appellate division of the superior court. The judgment was affirmed in a two-to-one opinion. Appellant's petition for rehearing, or in the alternative, for an application for certification, was denied. On July 3, 2013, this court granted appellant's petition to transfer. (Cal. Rules of Court, rule 8.1006.)

**DISCUSSION**

Appellant contends the trial court erred in granting the motion to suppress. Specifically, appellant argues the court erred in determining that Officer Walker lacked reasonable suspicion to initiate a traffic stop of respondent's vehicle. In

4

reviewing a trial court's ruling on a motion to suppress, we defer to the trial court's findings of fact, both express and implied, if supported by substantial evidence. We independently apply the pertinent legal principles to those facts to determine whether the motion should have been granted. (*People v. Carter* (2005) 36 Cal.4th 1114, 1140.)

Here, the trial court determined that the traffic stop did not comply with the requirements of the Fourth Amendment of the federal constitution. "The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." (*United States v. Arvizu* (2002) 534 U.S. 266, 273, citing *Terry v. Ohio* (1968) 392 U.S. 1, 9.) Thus, "a police officer can legally stop a motorist *only* if the facts and circumstances known to the officer support at least a reasonable suspicion that the driver has violated the Vehicle Code or some other law. [Citations.]" (*People v. Miranda* (1993) 17 Cal.App.4th 917, 926.)

The officer detained respondent's vehicle because he observed two violations of section 21658. That statute provides: "Whenever any roadway has been divided into two or more clearly marked lanes for traffic in one direction, the following rules apply: [¶] (a) A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until such movement can be made with reasonable safety."

Section 21658, subdivision (a) imposes two affirmative duties on the operator of a motor vehicle: (1) to drive within a single lane, and (2) to make safe lane changes. (*People v. Butler* (1978) 81 Cal.App.3d Supp. 6, 8.) Thus, a driver who failed to drive within a single lane violated section 21658, even though no "movement of [the driver's] vehicle was in any way unsafe." (*Id.* at p. Supp. 7.) In *United States v. Colin* (9th Cir. 2002) 314 F.3d 439 (*Colin*), the Ninth Circuit

5

held that touching but not crossing lines demarcating a lane did not violate section 21658, subdivision (a). (*Id*. at p. 445.)

Here, the trial court found that respondent "crossed or went onto th[e] yellow line . . . ." Although the trial court disagreed with Officer Walker's testimony that respondent "veered sharply to the right to compensate after crossing the line," the court did not address the officer's testimony that respondent's vehicle crossed the yellow line demarcating her lane on two separate occasions. This court has reviewed the MVAR video several times. We find that the video supports Officer Walker's testimony that respondent's vehicle crossed over the yellow line twice. Nothing in the record suggests that respondent was prevented from driving within her own lane. The freeway was straight where she crossed the yellow line. There is no visible debris on the ground, and no other vehicle appears to her right or immediately in front. In addition, the weather was clear. On this record, respondent was not driving "as nearly as practical entirely within a single lane"; thus, her conduct qualified as a violation of section 21658, subdivision (a). (Cf. *Dods v. State* (Wyo. 2010) 240 P.3d 1208, 1212 [interpreting similar Wyoming law, and determining that officer had reasonable suspicion to initiate traffic stop where driver crossed over line once for eight seconds, the weather was not a factor, and the road was straight and flat].)

The trial court found no violation of section 21658, subdivision (a) because the lane straddling occurred "for a very short period of time for a very short distance." While the time and distance of lane straddling are relevant factors in considering whether it was practical for a driver to drive within her own lane, lane straddling for a short period of time and over a short distance is not dispositive. Indeed, the fact that respondent crossed over the yellow line on two occasions within a short period of time suggests that she was not driving as nearly as

6

practical within her lane. At the very least, it suggests a degree of inattentiveness. In addition, respondent's vehicle did not merely touch the yellow line. Officer Walker testified her vehicle was a few feet over the yellow line, and the video shows the vehicle crossed the yellow line. As respondent committed a traffic violation, the officer was entitled to stop her vehicle. (*People v. Miranda*, *supra*, 17 Cal.App.4th at p. 926.)[2]

*Bracken* and *Arburn* do not support the trial court's ruling. Neither case addressed section 21658, as both involved stops of vehicles for weaving within a lane. (See *Bracken*, *supra*, 83 Cal.App.4th at p. Supp. 3 [officer had reasonable suspicion that defendant was driving under influence where vehicle weaved within single lane for approximately one-half mile]; *Arburn*, *supra*, 151 Cal.App.4th at p. 1486 [officer had reasonable suspicion that driver was intoxicated where he was weaving and nearly hit curb]; cf. *People v. Perez* (1985) 175 Cal.App.3d Supp. 8, 10 ["weaving from one lane to another" justified an investigatory stop].)

The Ninth Circuit's decision in *Colin*, is likewise distinguishable. There, the vehicle "drift[ed] onto the solid white fog line on the far side of the right lane and . . . travel[ed] along the fog line for approximately ten seconds." Later, "the car drift[ed] to the left side of the left lane where its left wheels traveled along the solid yellow line for approximately ten seconds." (*Colin*, *supra*, 314 F.3d at p. 441.) The car never fully crossed the fog line or the yellow line. In contrast, respondent's vehicle fully crossed the yellow line.

Respondent argues that the trial court's ruling is in accord with cases from other states. First, we note that there are out-of-state cases that support our

---

[2]    Even if respondent committed a *de minimis* violation of section 21658, subdivision (a), under the totality of the circumstances, the officer had a reasonable suspicion that respondent had committed a violation of that statute. Whether she could subsequently justify her driving is a separate and unrelated issue.

7

holding. (See, e.g., *Dods v. State*, *supra*, 240 P.3d 1208 [officer had reasonable suspicion to detain driver who crossed white fog line]; *State v. Mays* (Ohio 2008) 894 N.E.2d 1204 [officer had reasonable suspicion to detain motorist who twice crossed over white edge line].) Second, some of the out-of-state cases cited by respondent are legally or factually distinguishable. For example, *Crooks v. State* (Fla.Ct.App. 1998) 710 So.2d 1041 and *Rowe v. State* (Md. 2001) 769 A.2d 879 are legally distinguishable because Florida and Maryland require that the driver's conduct *also* create a reasonable safety concern. (*Crooks v. State*, *supra*, 710 So.3d at p. 1043; *Rowe v. State*, *supra*, at p. 889.) In contrast, California does not require that a failure to drive within a single lane must also be unsafe in order to constitute a violation of section 21658, subdivision (a). (*People v. Butler*, *supra*, 81 Cal.App.3d at p. Supp. 8.) Likewise, *Holstein v. Commissioner of Public Safety* (Minn.Ct.App. 1986) 392 N.W.2d 577 is factually distinguishable because there, the vehicle did not cross the fog line. (*Id*. at p. 580.) In short, we are not persuaded by those cases.

Under the totality of the circumstances, Officer Walker had reasonable suspicion to detain respondent's vehicle after observing the vehicle twice cross over the yellow line, in violation of section 21658, subdivision (a). Thus, the trial court erred in granting respondent's motion to suppress pursuant to Penal Code section 1538.5.

## DISPOSITION

The judgment is reversed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


                                        MANELLA, J.


We concur:




EPSTEIN, P. J.




WILLHITE, J.

9